No. 9653.

## HUTTON *v.* STODDART ET AL.

83 | 539
156 | 313

PAYMENT.—*Satisfaction of Debt by Part Payment.*—*Contract.*—A. employed B. as a traveling salesman at a salary of $1,200 per annum, and becoming dissatisfied with him sent him a check for $400 in payment of the last half of the salary before the expiration of the year, with instructions to return it if not satisfactory. B. retained the check, collected the money upon it, and assigned the residue of the salary, for which suit was brought.

*Held*, that the action can not be maintained; that the retention of the money was an acceptance of A.'s proposition, and operated as a complete satisfaction of the claim.

SAME.—The payment of a part of a debt in satisfaction of the whole, if made before the debt is due, is a complete satisfaction of the whole debt.

SAME.—*Compromise.*—A dispute about a claim is sufficient to sustain a compromise, and thus render the payment of a part of a debt a complete satisfaction of the whole debt.

From the LaGrange Circuit Court.

*W. C. Glasgow* and *J. E. McClaskey*, for appellant.

*J. D. Ferrall*, for appellees.

BEST, C.—This action was brought by the appellant against the appellees Gideon Stoddart, William L. Jones and Alfred Yerkes, partners and wholesale merchants, to recover a balance alleged to be due David E. Hutton, as traveling salesman, and which, as was averred, had been assigned to the appellant.

The appellees filed an answer of several paragraphs. The first was the general denial; second, payment; third, accord and satisfaction; and, fourth, set-off, consisting of a note of $98, due January 6th, 1880, made by the appellant to the appellees. A reply was filed, a trial had and a finding made against the appellant upon his claim and in favor of the appellees for the amount of their note and interest. A motion for a new trial, because the finding was contrary to the evidence and the law, was overruled, and final judgment rendered for the amount due upon the note.

The ruling upon the motion for a new trial is assigned as error.   The note mentioned in the appellees' answer was due, and no question arises on this part of the finding.   The appellant insists that there was $185.35 due him upon the claim mentioned in his complaint, and that this branch of the finding was contrary to the evidence.   The appellees were wholesale merchants in Philadelphia, and, on the 12th day of June, 1879, after some correspondence between them and David E. Hutton, they wrote him that " We will    *    *    engage you to travel and sell goods for us from July 1st to the 31st day of December next, at the rate of $1,200 per annum," to which Hutton answered by telegram, on the day he received the letter, " I accept your proposition."   In pursuance of this contract, Hutton entered upon his employment and travelled for the appellees through the States of Indiana and Michigan until about the 1st of November, when the appellees became dissatisfied with him, and wrote him of their dissatisfaction, not only because of his want of success in selling goods, but, as they claimed, because he had deceived them in procuring the employment.   This was indignantly denied, and thereafter few, if any, goods were sold.   Finally, the appellees, who had written him that he ought to make some concessions as to price, and that they ought not to pay him for any time longer than he was able to serve them, directed him to return his samples, which was done about the 1st of December.   On the 6th of December they wrote him, saying, " We herewith enclose you our check for $400, in settlement of your account to 31st inst., receipt of which please acknowledge.   We have lost largely on" your account, " and, under all the circumstances, we consider this a very liberal settlement on our part, and, really more than we are justly called upon to pay, and, if not satisfactory, please return the check per early mail."   The letter, with check, was duly received by Hutton, and the check was endorsed and collected by him.   Its receipt was not then acknowledged, but on Dec. 19th, 1879, he wrote the appellees,

saying: "Enclosed find receipt for $400, of Dec. 6th, 1879, to apply on account. I also have on hand $14.65, left from expenses, leaving the balance due me $185.85, as per agreement, Dec. 31st, 1879, when I shall expect balance." On the 31st of December, 1879, this balance was assigned to the appellant and this suit brought to recover it.

The appellant insists that $600 was due by the contract, and that payment of a part of it will not extinguish the claim. The general rule is that payment of a part of a debt is not a satisfaction of the whole debt, though the creditor agrees to receive a part in satisfaction of the whole. 2 Parsons Contracts, 618, 619.

A well established exception to this rule, however, is, that if a part is paid in full satisfaction of the claim before all is due, such payment is a complete satisfaction of the whole debt. Brooks v. White, 2 Metcalf, 283, and authorities cited.

By the terms of this contract nothing was due until the 31st of December, and when the appellees sent the check of $400 to the appellant's assignor, in full settlement of the claim, with instructions to return the check if not satisfactory, his retention of the money was an acceptance of the proposition, and the payment thus made, though less than the contract price, was a complete satisfaction of the whole claim. Aside from this, there was a dispute between the parties which was sufficient to sustain a compromise, and thus render the payment of a part of the claim a complete satisfaction of the whole debt. The motion for a new trial was properly overruled, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.