Bower *et al. v.* Bowen.

No. 16,894.

BOWER ET AL. *v.* BOWEN.

DECEDENT'S ESTATE.—*Election by Widow.*—*When Properly Made.*—Where a widow does everything required of her by the law, and within the required time, the election is properly made.

SAME.—*Election by Widow.*—*Need not be Made Exhibit in Action for Partition.*—The election, or a copy thereof, need not be made a part of the complaint in an action by the widow for partition, where the election is but evidence of ownership and not the basis of the action.

ASSIGNMENT OF ERRORS.—*Joint Assignment.*—*Individual Errors.*—Where several parties assign errors jointly, they are not in a position to complain of an error as to them individually.

SUPREME COURT PRACTICE.—*Partition.*—*Exception to Commissioners' Report.*—*Affidavits Pro and Con not in Record.*—Alleged error of commissioners in partition is not duly presented for consideration where the affidavits in support of and against the exceptions to the report of the commissioners are not made a part of the record.

SAME.—*Evidence.*—*Offer to Prove, etc.*—*When no Question Presented.*—*Partition.*—Where it is alleged that the court erred in refusing a trial on exceptions to the report of commissioners in partition, except by affidavits, the appellants are not in a situation to complain of the alleged error, where it is not shown in the record (1) that they in any way offered to support their exceptions by proof other than affidavits, (2) who the witnesses are that they offered in support of their exceptions, nor what they would testify to, and whether they were competent or not.

ESTOPPEL.—*Will.*—*Election by Widow.*—*Partition.*—It is no ground of objection in an action for partition by the widow, who has chosen to take under the law, that she was present when the will was executed, and made no objection to it.

SAME.—*Will.*—*Election by Widow.*—A widow who has expressed herself as satisfied with the provisions of her deceased husband's will is not estopped to take under the law on discovering what her legal rights are, if she acts in the time allowed by statute.

PARTITION.—*Amendment of Pleading.*—*Commissioners' Report.*—A complaint in partition may be amended so as to conform to the report of the commissioners.

From the Clark Circuit Court.

J. K. Marsh and W. H. Watson, for appellants.

G. H. Voight and E. B. Stotsenburg, for appellee.

DAILEY, J.—This action was commenced, in the Clark Circuit Court, for the partition of certain real estate in said county, described in the schedule annexed to the complaint and properly referred to.

From the first paragraph of the complaint, and the evidence introduced thereunder, it appears that Hiram Bowen died testate on the 2d day of November, 1889, the owner, in fee, of the lands so set forth; that the testator was the appellee's husband, and the appellants are his and the appellee's children and grandchildren; that within one year after the death of the devisor, being on the 1st day of March, 1890, the appellee elected to take one-third of the lands of the decedent, by filing her written election in the manner prescribed by law in force at the time.

This paragraph of the complaint alleges that she is the owner in fee of the undivided one-third part thereof as tenant in common with the defendants, and sets out the names and interests of her cotenants. There is also a prayer for partition and that her share be set off to her in severalty.

The second, third, and fourth paragraphs of the complaint sought to have a trust declared in favor of the appellee, which she alleges was created by the purchase of land with her separate funds, by her husband, without her knowledge or consent.

Upon the trial, these paragraphs were all dismissed, the appellee abandoning the trust set out therein, and the cause was disposed of upon the first paragraph only. Partition was ordered by the court, and commissioners were duly appointed to make partition. They divided the real estate of the decedent, including in their report that described in the schedule annexed to the first paragraph of the complaint, and the land set out in the sec-

ond, third and fourth paragraphs thereof, of which the testator was the apparent owner at the time of his death. Upon the filing of such report, and on the motion of the plaintiff below, the court ordered that the pleadings and record be corrected so as to conform to the report of the commissioners, and so as to include the real estate described in the last three paragraphs of the complaint.

Exceptions were filed by the appellants, and overruled by the court. They then filed their motion for a new trial, which was overruled, and the case is here upon the alleged errors, of overruling the demurrers to the first paragraph of the complaint, of overruling the exceptions to the report of the commissioners who made such partition, and upon the overruling of the motion for a new trial.

The first ground assumed by the appellants in support of their objection to the complaint is, that the election of the widow was not made in the manner prescribed by the statutes in force at the time.

The Acts of 1885, p. 239, Burns' R. S. 1894, section 2666, contain the law controlling this class of cases. This act provides that the widow shall make her election whether she will take the land so provided, or the provision so made, or whether she will retain the right to one-third of the land of her said husband. And it is required that such election shall be in writing, signed by such widow, and acknowledged before some officer authorized to take acknowledgments of deeds, and shall be made within one year after said will has been admitted to probate in this State, and shall be recorded in the office of the clerk of the circuit court in which the will is probated and recorded by such clerk in the record of wills, reference being made from such record to the book and page in which the will is recorded, and from the

record of the will to the book and page on which such election is recorded.

In the case under consideration, it is shown that the appellee did everything required of her by law.

It is averred in her complaint, that "After the death of said testator, and within one year thereafter, to wit: on the first day of March, 1891, the plaintiff elected to take one-third of the land of her deceased husband by written election, signed by her and acknowledged before some officer authorized to take acknowledgment of deeds, which election was filed and recorded in the office of the clerk of the Clark Circuit Court, within one year after the said will was admitted to probate."

The second objection urged to the complaint is that the election, or a copy thereof, should have been made a part of the paragraph. Such is not the case, however. It is only when the action is founded on the writing that it is required to be made an exhibit. 1 Works' Pr., etc., section 420. The present action was not founded upon the election but upon the ownership, and the election was but an evidence of it, or item of proof.

The last objection made to the sufficiency of the complaint is that it does not appear, from its averments, that the defendants, Corydon C. Bower, George Huffstetter, Peter Wilson and Davis Vaught have any interest in the subject-matter of the litigation, or why they were made parties. The learned counsel are mistaken. It alleges "that George Huffstetter is the husband of Stellatus Huffstetter; that Corydon C. Bower is the husband of Hannah Bower; that Peter Wilson is the husband of Maria Wilson, and that Davis Vaught is the husband of Mollie Vaught," all of whom were daughters of the testator. They are simply made defendants as prescribed and permitted by section 5129, R. S. 1881; Burns' R. S. 1894, section 6974, which provides that all suits relative to such lands shall be

prosecuted by or against the husband and wife jointly.
Besides the appellants Corydon C. Bower, George Huff-
stetter, Peter Wilson, and Davis Vaught having joined
in the joint assignment of errors, and not having filed
any separate assignment as to the sustaining of the de-
murrer to the complaint, they are not in a position to
complain of an error of the court as to them individual-
ly. *Quick.* v. *Brenner,* 101 Ind. 230; Elliott's App.
Proced., section 318.

The next question considered by the appellants is the
overruling of the exceptions to the report of the commis-
sioners who divided the land. It appears to us that there
is no question of this kind before the court, for the reason
that the affidavits in support of and against the excep-
tions are not made a part of the record. This court could
not intelligently decide whether the action of the trial
court is proper or not, unless it has before it the evidence
upon which the decision was based. Affidavits must be
made part of the record, either by bills of exceptions or
the order of the court. *Cochran* v. *Dodd,* 16 Ind. 476;
*Horton* v. *Wilson,* 25 Ind. 316; *Norton* v. *State,* 106 Ind.
163.

The next error complained of by the appellants is the
overruling of the motion for a new trial. Under this
assignment they argue that "the court erred in refusing
the defendants a trial of this cause, on the report of the
commissioners herein, except by affidavits;" also "in
refusing the defendants to have witnesses to testify orally
as to the report of the commissioners." It does not seem
that the appellants are in a situation to complain of any
such errors as are assigned in these reasons.

First. Because it is not shown in the record that the
appellants in any way offered to support their exceptions
by proof other than by affidavits.

Second. It does not appear from the record who the

witnesses are that the appellants offered in support of their exceptions, what they would testify to and whether they were competent or not.  The appellants were apparently satisfied with submitting the question upon affidavits.  *Kern* v. *Bridwell*, 119 Ind. 226; *Gipe* v. *Cummins*, 116 Ind. 511.

The fourth and fifth reasons for a new trial are predicated on the sixth statutory ground.  The investigation of these reasons necessarily involves the weighing of the evidence.  This court can not ignore the well settled rule that where competent evidence appears in the record which, if true, tends to sustain the finding on every material point, unless it is of such a character as that to believe it would involve an absurd or unreasonable conclusion, no matter how much the evidence is contradicted, it will support the finding nevertheless.  *Isler* v. *Bland*, 117 Ind. 457; *Continental Life Ins. Co.* v. *Yung*, 113 Ind. 159; *Cowger* v. *Land*, 112 Ind. 263.

In the case at bar, the evidence, in brief, shows that at the time the decedent executed his will, the appellee, then past eighty years of age, was present, and made no objection to it.  Suppose she did sit quietly by and hear the instrument read, she had no right to object.  The decedent had the right to dispose of his property in any way he thought best, and of this she could not complain while he was living.  There is no merit in this objection.

It appears, from the evidence, that after the death of the testator, she, for a time, dwelt in ignorance as to her legal rights, and was not advised by those to whom she would be expected to look for counsel.  Some fault is found with the appellee because she remained in possession of the dwelling house and surrounding land.  The law authorized her to do this.  The widow's quarantine

is allowed by section 2492, R. S. 1881; Burns' R. S. 1894, section 2653.

Complaint is also made of the appellee's attempt to rent part of the real estate, but it is the law that one tenant in common has as much right to rent or occupy the joint estate as another.

Counsel criticise the delay of the widow in making the election. The evidence shows that she exercised this privilege within three months after the testator's death, when she was entitled, for the purpose, to at least 364 days. The executor gave her about $500 in property, but she had a right to it under the law. He says he sold the personal property. The law required him to do this without regard to her election. She expressed herself satisfied with the provisions of the will, but says nobody explained to her what her rights were, and when she discovered them, she at once elected to take what the law gave her. No one was injured by what she said or did, and the acts complained of do not constitute an estoppel. We are of opinion that the court did not transcend its authority in permitting the appellee to amend her complaint so as to conform with the report of the commissioners.

Section 396, R. S. 1881; Burns' R. S. 1894, section 399, permits the court, in its discretion, for the furtherence of justice, to direct any mistake in the description to be corrected; any material allegation to be inserted, struck out, or modified, to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense.

Upon this subject, this court, in *Randles* v. *Randles*, 63 Ind. 93 (104), said: "In our opinion, the court had the power, and, perhaps, should have exercised it in this case, to direct the parties to so amend their pleadings, as that the same should contain full, true and correct

descriptions of the several tracts of land of which the said Peter Randles was the owner, in fee-simple, at the time of his death, and of which partition is sought for in this action. As the pleadings of the parties might have been thus amended in the court below, they will be taken and deemed by this court to have been thus amended.''

There is no error in the record for which the judgment below ought to be reversed. The judgment is therefore affirmed, at appellants' cost.

Filed Oct. 9, 1894.