## ATLASS v. BORINSTEIN.

[No. 12,560. Filed January 28, 1927.]

1. PLEADING.—*Check and writing accompanying it need not be made part of answer of accord and satisfaction.*—In pleading an accord and satisfaction based on the fact that there being a disagreement between the plaintiff and defendant as to the amount due the plaintiff, the defendant tendered her check for a certain amount in payment of the claim in full, with a statement in writing to that effect, and the check was accepted and cashed without objection, it was not necessary to make the check and writing a part of the pleading, either by setting it out therein or attaching copies thereof as exhibits, as they were not the foundation of the plea. p. 578.

2. SALES.—*Letter in confirmation of verbal sale properly admitted in action for balance due for scrap brass of certain quality.* —In an action for a balance due on a sale of scrap brass, a letter written by the buyer in confirmation of a verbal agreement of sale, reciting a guaranty that the scrap would run "85 per cent. heavy red," was properly admitted to show the terms of the contract. p. 579.

3. ACCORD AND SATISFACTION.—*Evidence held sufficient to sustain answer of accord and satisfaction.*—A letter containing an offer of settlement of a disputed claim, accompanied by a check for amount stated, which check was cashed by the payee, was sufficient to sustain an answer of accord and satisfaction. p. 579.

4. ACCORD AND SATISFACTION.—*Where accord and satisfaction has been pleaded, letter accompanying check sent in full settlement. properly admitted.*—In an action for balance due for goods sold, where the defendant pleaded accord and satisfaction by mailing a check in full payment of the disputed balance, and the acceptance and cashing of said check, a letter accompanying the check which stated the terms of the proposed settlement, was properly admitted in evidence. p. 580.

From Marion Circuit Court (36,341); *Harry O. Chamberlin,* Judge.

Action by Harry H. Atlass against Anna B. Borinstein. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Floyd G. Christian, John Ogden* and *Isaac Born,* for appellant.

*Jackiel W. Joseph* and *William J. Henley, Sr.,* for appellee.

ENLOE, J.—The appellant brought this action seeking to recover a sum of money claimed to be due as a balance upon the contract sale price of a carload of "scrap brass," the action being brought by appellee as the assignee of said account, the original transaction having been between appellee and the Atlass Produce Company. The complaint, which was in one paragraph, was answered by (a) general denial, (b) payment, and (c) accord and satisfaction. To this last paragraph of answer, a demurrer, filed by appellant, was overruled. The cause was tried by a jury, which returned a verdict in favor of appellee, upon which there was judgment. The errors assigned challenge the action of the court in overruling said demurrer, and in overruling the motion for a new trial.

As to said demurrer, it is insisted that the same should have been sustained because, "defendant alleges that the contract of accord and satisfaction was in writing, but does not set forth the writing upon which said allegation is founded, either in the body of the answer or attached thereto as an exhibit," as required by §386 Burns 1926.

1. Counsel are mistaken in their view of this paragraph of answer; it does not purport to rest upon any contract in writing; it alleges all the elements necessary to make it good as an answer of accord

and satisfaction, viz.—That there was a disagreement between the parties as to the amount due upon said account, that appellee tendered her check for a named amount in payment of the claim in full, with a statement in writing to that effect, that said check was received and cashed by appellant without objection on his part, thereby accepting appellee's offer of settlement, and such acceptance thereafter bound the appellant. *Hutton* v. *Stoddart* (1882), 83 Ind. 539; *Talbott* v. *English* (1901), 156 Ind. 299, 59 N. E. 857. The check and the letter referred to in said answer were not the foundation of said answer, they were simply evidence of the facts therein alleged and as such, the law does not require them to be set out in the plea or copies thereof attached as exhibits. *Treadway* v. *Cobb* (1862), 18 Ind. 36; *Bower* v. *Bowen* (1894), 139 Ind. 31, 38 N. E. 326; *Diggs* v. *Way* (1898), 22 Ind. App. 617, 51 N. E. 429, 54 N. E. 412. There was no error in overruling said demurrer.

Appellant next complains of the overruling of his motion for a new trial and urges that the court erred in admitting certain letters in evidence. The first 2, 3. of these letters, identified as exhibit "E," was a letter written in *confirmation of the sale* of the merchandise in question. It appears from the record that on the morning of the day on which the sale was made, the appellant, then representing the Atlass Produce Company of Lafayette, Indiana, and the appellee, at Indianapolis, Indiana, had a conversation in reference to said sale, over the telephone; that thereafter on said day, the appellee wrote to Atlass Produce Company the letter in question, which was as follows—"This confirms purchase made you this morning over the telephone of about ten tons of heavy mixed brass, guaranteed by you to run 85% heavy red, at 22c per pound delivered Indianapolis. Thanking you for the business we re-

main, Yours Truly, A. Borinstein." The brass was shipped to Indianapolis from Lafayette and a sight draft for $3,500 at once drawn upon appellee, which was paid. It further appears that said brass, when received, did not grade eighty-five per cent. heavy red, of which fact the appellee at once notified the vendor and requested that it send some person to grade the said brass, but the vendor replied that it had no person that it could send, and requested appellee to grade said brass, which was done, with the result that a statement was rendered the vendor showing the total value of the car of brass scrap to be $3,703.55, and, taking credit for the amount of the draft $3,500, leaving a balance due of $203.55; this was the amount paid by check, as alleged in said paragraph of answer. The dispute in this case arose out of the fact of grading, the appellant contending that all "scrap brass" shipped should be paid for at twenty-two cents per pound, and the appellee claiming that as it did not grade eighty-five per cent. "heavy red," the "heavy red" should be paid for at twenty-two cents per pound and the residue at market price, fifteen cents per pound. There was no error in admitting said letter in evidence. The record discloses, without any question or controversy, that there was a dispute between the parties as to the balance due on said brass so purchased; that it was not a "liquidated" sum; and that the averments of said paragraph of answer were fully sustained by the evidence.

Appellant also complains of the action of the court in admitting exhibit "J" in evidence, it being the letter, sent by appellee to Atlass Produce Company, 4. which accompanied said check. In this there was not error; said letter contained the offer of settlement—the acceptance of said check in full satisfaction of claim—and this offer, the said company accepted by cashing said check.

All objections raised, upon the record, by the appellant, have been considered, and we find no error.
Affirmed.