Ricky J. EPPERSON,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 48A02–8804–CR–134.

Court of Appeals of Indiana,
First District.

Nov. 21, 1988.

D. Eric Hall, Anderson, for defendant-appellant.

Linley E. Pearson, Atty. Gen.; John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Defendant appeals conviction of Criminal Recklessness, a class C felony.[1] We reverse.

## FACTS

On January 26, 1986, Christina Epperson, the defendant's two-year old daughter, suffered a head injury when she was struck by a screwdriver which the defendant threw across a room. Christina was transported from the family's home to a hospital where she underwent surgery. Later that day Epperson accompanied a police officer to the police station where Epperson signed a waiver of rights form and made a statement about the incident. The statement was tape recorded, and the tape subsequently was transcribed. The following day Epperson returned to the police station and signed a typed copy of the statement he had made the day before. On January 28, 1986, a probable cause hearing was held and a warrant issued for Epperson's arrest. Epperson was charged by information with Criminal Recklessness, a class C felony.

The defendant made several attempts to take the deposition of his former wife, Tamara Epperson, but she could not be located. Epperson then entered into a plea agreement with the state where Epperson agreed to plead guilty to unrelated burglary and theft charges in exchange for the state's promise to file a Motion to Nolle Proseque on the recklessness charge. The trial court granted the state's motion on May 18, 1987, dismissed the criminal recklessness charge, and accepted the defendant's guilty pleas in the other two (2) cases.

On June 9, 1987, the state moved to withdraw the plea agreement and reinstate the cause of action for criminal recklessness. The court held a hearing on the motion where the state argued that the plea agreement had been based on a mutual mistake of fact, a mistaken belief that Tamara Epperson would not cooperate in testifying about the incident. The court sustained the state's motion, and Epperson's criminal recklessness case proceeded to a trial by jury. Epperson was convicted of Criminal Recklessness, a class C felony, and was sentenced to a term of five (5) years with one (1) year suspended.

## ISSUES

Epperson raises three issues, but the following are dispositive:

1. Did the trial court err in allowing the state to withdraw a plea agreement?

2. Did the trial court properly reinstate a cause of action for Criminal Recklessness after the case had been dismissed?

## DISCUSSION AND DECISION

*Issue One*

Epperson argues first that the trial court erred by allowing the state to withdraw a plea agreement and reinstating the criminal recklessness charge after it had been dismissed pursuant to the original plea agreement. We agree. The state entered into a plea agreement with Epperson which provided that Epperson would plead guilty to unrelated burglary and theft charges, and in exchange the state would dismiss the criminal recklessness charge. Accordingly, Epperson pleaded guilty to the burglary and theft counts, and on May 18, 1987, the state filed a Motion to Nolle Prosequi the criminal recklessness cause of action. The court granted the state's motion and ordered the case dismissed. On June 9, 1987, the state filed a Motion to Withdraw Plea Agreement and Re-institute Cause of Action. The court conducted a hearing on the motion where the state argued that it should be able to withdraw

---

**1.** Indiana Code section 35-42-2-2.

from the plea agreement because that agreement had been based on a mistake of fact. Epperson's attorney argued that there was no mistake of fact, the agreement should stand, and Epperson should be sentenced in accordance with the agreement. The court sustained the state's motion to withdraw the plea agreement and ordered the criminal recklessness charge reinstated.

■ It is clear that a criminal defendant has no constitutional right to engage in plea bargaining. *Coker v. State* (1987), Ind., 499 N.E.2d 1135, 1138. A prosecutor has no duty to plea bargain or to keep an offer open for any length of time. *Id.* Furthermore, a defendant's acceptance of a proposed plea agreement does not create a constitutional right to have the bargain specifically enforced. *Id.* However, a plea agreement is a contract. *United States v. Verrusio* (7th Cir.1986), 803 F.2d 885, 887; *United States v. Bielak* (N.D.Ind.1987), 660 F.Supp. 818, 825. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Verrusio* 803 F.2d at 888 quoting *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. The terms of a plea agreement must be interpreted in light of the parties' reasonable expectations, and the resolution of each case depends upon the essence of the particular agreement and the government's conduct relating to its obligation in that case. *Bielak*, 660 F.Supp. at 825.

Although contract principles are helpful, they are not determinative in cases involving plea agreements. *Id.* at 826. Because important due process rights are involved, plea negotiations must accord a defendant requisite fairness and be attended by adequate safeguards which insure the defendant what is reasonably due in the circumstances. *Id.* "Promises which induce guilty pleas must be fulfilled in order to satisfy the voluntariness of the guilty plea

standard." *Ryan v. State* (1985), Ind., 479 N.E.2d 517, 519. A prosecutor's failure to adhere to any promise which induced a guilty plea would constitute a breach of the plea agreement with the result that the plea loses its voluntary character. *Id.* If a plea is unfairly obtained, it is not voluntary, and it violates the defendant's rights. *Bullock v. State* (1979), Ind.App., 397 N.E. 2d 310, 312. Clearly, prosecutors should not be permitted to violate plea agreements with impunity, however, specific performance of the plea agreement is not necessarily the only or the most appropriate relief in all circumstances. *Crose v. State* (1985), Ind.App., 482 N.E.2d 763, 768. For example, specific performance is inappropriate where the court is unable to confer the contemplated benefit of the agreement and where the court lacks the power to carry out the prosecutor's promise. *Id.* In such cases, the defendant's remedy may be limited to withdrawal of the guilty plea.

In the case at bar, we are unable to determine from the record whether the plea agreement had been accepted by the court at the time the state filed its motion to withdraw the plea agreement. If the court accepts a plea agreement, it shall be bound by its terms. Indiana Code section 35-35-3-3. However, the trial court may set aside an accepted guilty plea prior to entry of judgment. *Patton v. State* (1987), Ind., 517 N.E.2d 374, 376. Regardless of whether the court had accepted Epperson's plea agreement at the time the state filed its motion to withdraw the agreement, the following facts are clear: (1) Epperson and the State entered into an agreement wherein Epperson agreed to plead guilty to burglary and theft charges in exchange for the state's nolle prosequi of the criminal recklessness charge; (2) Epperson pleaded guilty to burglary and theft; (3) the state filed a Motion to Nolle Prosequi the Criminal Recklessness charge. We believe Epperson's decision to plead guilty to burglary and theft rested upon the prosecutor's promise to dismiss the criminal recklessness charge.[2] A prosecutor's failure to

2. It appears from the record that Epperson pleaded guilty to the burglary and theft charges a second time after the criminal recklessness charge was reinstated. However, the details of those pleas and any pertinent plea agreement are not before us. Therefore, we are unable to

adhere to a promise which induced a guilty plea constitutes a breach of the plea agreement. The resolution of such a case depends in part on the government's conduct relating to its obligation. We therefore examine the state's conduct regarding Epperson's plea agreement.

The state's Motion to Nolle Prosequi explained that the state was unable to meet its burden of proof in the case because of a lack of cooperation by a crucial witness. At the hearing on the state's Motion to Withdraw the Plea Agreement and Re-instate Cause of Action, the prosecutor explained that the state had erroneously believed that its crucial witness, Epperson's wife, was unwilling to cooperate, when in fact, she simply had not received notice about the prior depositions. Upon learning that its witness would cooperate, the state attempted to reinstate the cause of action. The state did not claim that its inability to procure Mrs. Epperson's attendance at depositions was due to any fault of the defendant. Rather, the state argued that the erroneous belief in Mrs. Epperson's uncooperativeness was a mutual mistake of fact, and that the mistake was grounds for rescission of the agreement. Epperson emphasized that the witness's failure to appear was not his fault and that he had bargained with the state in good faith. As noted in *Bielak*, the resolution of each case depends in part upon the government's conduct relating to its obligation. In this case the state agreed to nolle prosequi the criminal recklessness charge because the prosecutor believed the state could not produce a crucial witness and because Epperson would plead guilty to other charges in exchange. The case had already been dismissed when the state learned that the witness would cooperate. After Epperson had pleaded guilty to the other charges, the state reneged on its agreement. We cannot allow the state to withdraw a plea agreement simply because the prosecutor learns after the defendant has pleaded guilty as agreed, that the state made a bad deal. Epperson bargained with the state in

good faith, and it was not his fault that the state could not produce Mrs. Epperson for a deposition. We cannot justify allowing the state to renege on its plea agreement. The trial court erred when it allowed the state to withdraw the plea agreement. The only appropriate remedy in this case is to enforce the nolle prosequi provision of the original plea agreement.

*Issue Two*

■ We next consider whether the trial court properly reinstated the criminal recklessness charge after the case had been dismissed. Indiana Code section 35–34–1–13 provides in pertinent part that where a case is dismissed upon the prosecutor's motion, "unless the defendant objects to dismissal, the granting of the motion does not bar a subsequent trial of the defendant on the offense charged." Thus, absent the plea agreement in this case, it would appear that the defendant could subsequently have been tried for the same offense. Where dismissal occurs prior to the attachment of jeopardy, the state can refile an information charging the same offense. *Burdine v. State* (1987), Ind., 515 N.E.2d 1085, 1089. "All prosecutions of crimes shall be instituted by the filing of an information or indictment by the prosecuting attorney, in a court with jurisdiction over the crime charged." Indiana Code section 35–34–1–1(b); *Niece v. State* (1983), Ind. App., 456 N.E.2d 1081, 1084. We find no authority in Indiana for the procedure followed in this case. It appears from the record before us that the court reinstated the criminal recklessness charge upon the state's motion without the filing of a new information. We held in *Niece* that a trial court's *sua sponte* action in reinstating a theft count which the state had dismissed was erroneous. *Niece*, 456 N.E.2d at 1084. Because our legislature has decided that criminal prosecutions may be commenced only by the filing of an information or indictment, we hold that the trial court erred in this case when it reinstated a charge which had been dismissed upon the

conclude that Epperson would have pleaded guilty the first time even absent the prosecutor's promise to nolle prosequi. Epperson's subse-

quent entry of guilty pleas did not constitute a waiver of this issue.

state's motion alone. The defendant was convicted of a crime with which he was never properly charged, and therefore, we reverse.

REVERSED.

ROBERTSON and STATON, JJ., concur.