**Alfred BEZY, Jr., Individually and Christen A. Bezy, by her next friend, Alfred Bezy, Jr., Appellants–Plaintiffs,**

v.

**Gary LOFTUS, Appellee–Defendant.**

No. 88A05–9102–CV–54.

Court of Appeals of Indiana, Fifth District.

Nov. 25, 1991.

Barry N. Bitzegaio, Lorch & Naville, New Albany, W. David Shearer, Jr., Louisville, for appellants-plaintiffs.

Irwin H. Sonne, III, Tackett, Taurman & Sonne, P.C., New Albany, for appellee-defendant.

SHARPNACK, Judge.

Alfred Bezy, Jr., petitioned this court for leave to file this interlocutory appeal challenging the trial court's order preventing him from offering into evidence at trial a

written plea agreement. We granted leave, and now, because we find that the order of the trial court is overly broad, we affirm in part and reverse in part.

Bezy raises a single issue, which we restate as follows:

Is a written plea agreement admissible into evidence in an action for breach of the agreement?

The following facts are those necessary for our review. On October 29, 1983, Loftus allegedly committed a battery against Christen Bezy, who was twelve years old at the time. The Floyd County prosecutor brought charges against Loftus, but before the case was brought to trial Loftus entered into a plea agreement with the prosecutor and Christen's parents, Alfred and Cheryl. In relevant part, this agreement provided:

Comes now Gary Loftus in person and by his attorney, Stephen J. Beardsley, and comes now the STATE OF INDIANA by the Prosecuting Attorney for the 52nd Judicial Circuit and comes now the INDIANA STATE POLICE by C.E. Adams and comes now Cheryl and Alford Bezy, Jr., and all of the parties being fully advised of the circumstances surrounding a certain incident that occurred on the 29th day of October, 1983, which is the basis of a certain Battery Charge filed in Floyd County Court, Cause # _____, and the parties having considered the alternative dispositions of said matter do hereby agree as follows:

The prosecution of the above referrenced [sic] charge shall be witheld [sic] for a period of one year on the grounds set forth in the Pretrial Diversion Agreement filed in Floyd County Court, Cause # _____.

That it is understood by the parties that in the event that Gary Loftus successfully completes the program outlined in the Pretrial Diversion Agreement and further makes a "good faith rehabilitative effort" in resolving the problems

indicated in I.S.P.I.C.R., # 45–15067 that the above referrenced [sic] battery charge will be dismissed with prejudice and further, that the State shall not seek prosecution against the defendant, Gary Loftus for any other crimes, if any, as defined in 35–42–2–1, 35–41–4–3 & CDM which occurred prior to the signing of this agreement.

GARY LOFTUS further agrees to resign his public office as Floyd County Commissioner immediately.

GARY LOFTUS further agrees to pay all medical and/or psychiatric expenses incurred by any member of the ALFORD BEZY, JR. family as a result of conduct indicated in I.S.P.I.C.R. # 45–15067 upon demand.

DATED THIS 15 day of November, 1983.

I, GARY LOFTUS, by affixing my signature hereto, do attest that I have been advised of my rights and am signing voluntarily and knowingly and without reservation of right.[1]

/Gary Loftus
Gary Loftus

/Stephen J. Beardsley
Stephen J. Beardsley, Attorney

Bezy filed a complaint which alleged that Christen required medical and psychiatric care as a result of the alleged battery, that the Bezys paid for this care, that they demanded that Loftus pay for the required care, and that Loftus breached the plea agreement by refusing to pay for the care. Loftus answered with a denial of Bezy's claims. Loftus later filed a "Motion for Preliminary Determination" in which he requested the court to hold evidence of the criminal charges or the agreement[2] to be inadmissible at trial. The court entered the requested order.

Loftus argues that, for several reasons, the court's order was not erroneous. He argues that the court correctly ruled to exclude the agreement because evidence of settlement negotiations is inadmissible, be-

---

1. A plea agreement is "an agreement between a prosecuting attorney and a defendant concerning the disposition of a felony or misdemeanor charge." Ind.Code § 35–35–3–1.

2. The court referred to the agreement as a pretrial diversion agreement. A close reading of the document reveals that the pre-trial diversion agreement was a separate agreement, however.

cause the prejudice caused by the admission of the agreement would outweigh its probative value, because the crime with which he was charged was a misdemeanor, and because admission of the agreement is barred by Ind.Code § 35–35–3–4. We find none of his arguments persuasive.

■ Because Bezy asks us to overturn the trial court's ruling concerning the admissibility of certain items of evidence, he must meet a stringent standard of review. Rulings on the admissibility of evidence are committed to the sound discretion of the trial court. *Thornton v. Pender* (1978), 268 Ind. 540, 547, 377 N.E.2d 613, 618–619; *Brenneman Mechanical & Electrical, Inc. v. First National Bank of Logansport* (1986), Ind.App., 495 N.E.2d 233, 240. Thus, we may not reverse a trial court's ruling upon evidentiary matters unless it is clearly erroneous. *Brenneman Mechanical,* 495 N.E.2d at 240. This is to say that we may not overturn the trial court's ruling unless the ruling was against the logic and effects of the facts and circumstances before the court. *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288, 290.

■ Loftus first argues that testimony or documents concerning settlement negotiations, especially plea agreements in criminal proceedings, may not be offered into evidence at trial. *Moulder v. State* (1972), 154 Ind.App. 248, 253–259, 289 N.E.2d 522, 525–528. While we agree with this rule in principle, we note that it is subject to an exception. It is true that the agreement that Bezy seeks to enforce was a part of a plea agreement. A plea agreement is in the nature of a contract. Both the state and the defendant bargain for and receive substantial benefits from the agreement. *See Gajdos v. State* (1984), Ind., 462 N.E.2d 1017, 1024. Once the parties to the litigation have agreed and the trial court has accepted the agreement, the agreement binds the court and the parties. *Griffin v. State* (1984), Ind., 461 N.E.2d 1123, 1124. Both statutes and court decisions provide remedies for breach of a plea agreement. *See, e.g., Santobello v. New York* (1971), 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433; *Crose v. State* (1985),

Ind.App., 482 N.E.2d 763, 782; *Spalding v. State* (1975), 165 Ind.App. 64, 70, 330 N.E.2d 774, 778; I.C. § 35–35–1–4(c)(4).

■ Because plea agreements are contracts, as are all settlements, we cannot countenance a rule of law which would in essence tell the parties, "You are free to breach the contract you have made because we will not allow the other party to prove what the contract is." To do so would be to undercut the reasons for allowing plea agreements.

We recently faced this issue in the civil context in *Reed v. Dillon* (1991), Ind.App., 566 N.E.2d 585. In *Reed,* the plaintiff had obtained a summary judgment after persuading the trial court to exclude certain evidence including a letter which plaintiff asserted was an inadmissible memorandum of settlement negotiations. On appeal, we rejected plaintiff's claim, noting:

> Plaintiff also makes the argument that the letter constitutes settlement negotiations and is, therefore, inadmissible. This was the basis for the motion to strike as well. It is true that evidence of unsuccessful settlements, as such, is not admissible as an admission or otherwise to be used to prove such things as liability or damages. *Hahn v. Ford Motor Co.* (1982), Ind.App., 434 N.E.2d 943, 956; *Brademas v. Real Estate Development Co.* (1977), 175 Ind.App. 239, 242, 370 N.E.2d 997, 999. However, where, as here, the document expresses the *agreement* of the parties (which may have resulted from negotiations) and is offered to prove the terms of the agreement, the offer would not be in conflict with the purposes of the rule excluding evidence of *negotiations* and would be admissible.

*Reed,* 566 N.E.2d at 588 n. 3 (citing *Atlass v. Borinstein* (In Banc 1927), 85 Ind.App. 577, 579–580, 155 N.E. 48, 49) (emphasis in original).

*Reed* and *Atlass* make it clear that the existence and the terms of a settlement agreement stemming from a civil wrong may, in an action for a breach of the agreement, be proved by the introduction of testimony and documentary evidence concern-

ing the agreement. We see no reason why the rule applied in those cases should not apply in cases concerning the breach of agreements stemming from allegedly criminal wrongs, and we expressly hold that such evidence is admissible in an action for the breach of such an agreement.

While we hold that the terms of the agreement between Bezy and Loftus are admissible, we conclude that the balance of the plea agreement is not. The portions of the agreement between the state and Loftus in which the state promised to defer Loftus's prosecution for battery for one year, and to eventually dismiss the charge against him, in exchange for his promise to resign from public office and complete a rehabilitative program have no relevance to the agreement between Bezy and Loftus, and the trial court properly excluded these portions from evidence.

■ Loftus next argues that the agreement should be excluded because its relevance is outweighed by its prejudicial impact. It is true that relevant evidence may be rejected where its probative value is outweighed by its tendency to unfairly prejudice a party. *Martin v. State* (1983), Ind., 453 N.E.2d 1001, 1004; *Senco Products v. Riley* (1982), Ind.App., 434 N.E.2d 561, 566. The court must, therefore, balance the probative value of the evidence against its potential to unfairly prejudice one of the parties.

Here, the balance must weigh in favor of admitting the evidence. As we noted earlier, the written agreement is in the nature of a contract. In order to prove that Loftus breached his duty to Bezy, Bezy had to prove exactly what duty Loftus undertook by means of the agreement. Obviously, the agreement itself is the most probative piece of evidence concerning Loftus's obligation. Bezy asserts, and Loftus concedes, that it would be impossible to prove the breach of the agreement if the agreement is excluded from evidence. Obviously both the probative value of the agreement and the prejudice to Bezy far outweigh the prejudice to Loftus, and the trial court abused its discretion in· excluding the agreement.

■ Loftus next argues that I.C. § 34-3-18-1 specifically prohibits the admission of the agreement. The statute provides:

Evidence of a final judgment, entered after a trial or upon a plea of guilty, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one [1] year, shall be admissible in any civil action to prove any fact essential to sustaining the judgment, and is not excluded from admission as hearsay regardless of whether the declarant is available as a witness. The pendency of an appeal may be shown but does not affect the admissibility of evidence under this section.

I.C. § 34-3-18-1. Loftus argues that he was charged with a misdemeanor, and, consequently, the agreement falls outside the terms of the statute.

Loftus's argument is without merit. The statute, on its face, applies only to evidence of a final judgment. It has no bearing on the agreement here because the agreement is not being used to prove the existence of a final judgment, but rather the terms of an agreement which Loftus allegedly breached. The statute does not authorize the exclusion of the agreement, and the trial court abused its discretion in excluding it.

■ Loftus advances yet another statutory argument in favor of excluding the agreement. He argues that the terms of the plea agreement are rendered inadmissible by I.C. § 35-35-3-4, which provides:

A plea agreement, or a verbal or written communication concerning the plea agreement, may not be admitted into evidence at the trial of the case, should the plea agreement not culminate in approval by the court.

Again the statute is inapplicable on its face to this agreement. The statute provides that the plea agreement may not be offered in *the case*, should it not be accepted by the court. This obviously means the criminal case in which the settlement is attempted; it does not mean that the agreement is not admissible in a separate civil proceeding based on a breach of the

agreement. In fact, this court has held that this section does not even bar admission of the terms of a plea agreement in a subsequent criminal perjury proceeding based on statements made in reaching the agreement. *State v. Wolff* (1989), Ind. App., 545 N.E.2d 39, 40–42. The statute simply does not govern the admission of evidence in a separate legal proceeding, and the trial court abused its discretion in barring the agreement on this ground.

■ Finally, Loftus argues that the trial court correctly excluded from evidence the police report which detailed the investigation that led to the battery charge. He asserts that our decisions have consistently held such police reports to be hearsay. *Dean v. Insurance Co. of North America* (1983), Ind.App., 453 N.E.2d 1187, 1192–1193; *State v. Edgman* (1983), Ind.App., 447 N.E.2d 1091, 1102–1104. We agree that such records, offered to prove the truth of the matters asserted therein, are inadmissible hearsay. However, in this case, the report was not offered to prove the truth of the matters asserted within it. The report was incorporated as a part of the plea agreement. It defined the incident which gave rise to the medical and psychiatric expenses which Loftus obligated himself to pay. Because it is not hearsay, it is admissible.

■ We do note that the report is potentially quite prejudicial in that it refers to allegations of misconduct which did not result in charges relevant to this case. The trial court may order those parts of the report not relevant to Bezy's claim for breach of the plea agreement to be obliterated and excluded from evidence.

We find the trial court erred in ordering that relevant portions of the agreement and police report be excluded from evidence. We therefore reverse its order to the extent that it excluded from evidence that portion of the plea agreement which defined Loftus's obligations to Bezy and to the extent that it excluded from evidence those portions of the police report relevant to Bezy's contractual claim against Loftus, but we affirm the court's order to the extent that the order excluded those portions of the plea agreement and police report which are irrelevant and unduly prejudicial. We remand the case for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

RUCKER, J., concurs.

SULLIVAN, J., concurs with separate concurring opinion.

SULLIVAN, Judge, concurring.

The January 18, 1991 ruling of the trial court which is the subject of this appeal reads in pertinent part as follows:

"IT IS, THEREFORE, ORDERED by the Court that any evidence as to the criminal charges placed against Mr. Loftus by the State of Indiana as a result of the incident forming the basis of this action are [sic] inadmissible, including the pre-trial diversion agreement executed on November 15, 1983 and witnesses' testimony relating thereto." Record at 120.

The agreement sued upon in Count I of the amended complaint is not the pre-trial diversion agreement attached as Exhibit A to the complaint. Rather, it is a particular provision within the more comprehensive pre-trial diversion agreement. The particular provision involved in the present litigation relates solely to the promise of Gary Loftus "to pay all medical and/or psychiatric expenses incurred by any member of the ALFRED BEZY, JR. family as a result of conduct indicated in [the State Police Initial Case Report]." Record at 28. The State Police report was not attached as an exhibit to the complaint.[1]

The agreement here sued upon is not subject to any exclusion based upon an assertion that it is a plea bargain. As noted by the majority, although it is a part

---

1. The complaint in this suit included not only a claim upon the agreement to pay medical and/or psychiatric expenses, but as well as claims for assault and for battery against Loftus and for punitive damages. The latter claims involved the specific conduct which was the subject of the State Police report.

of the plea bargain agreement, it is not the plea bargain agreement itself. It is enforceable as a separate provision so long as the State has fulfilled its responsibilities under the basic agreement.

Loftus specifically agreed to pay for expenses relating to certain conduct by him. That conduct was defined by reference to the State Police report. Loftus thereby made the report an integral part of the agreement provision which benefitted the Bezy family. Loftus may not now be heard to object to the admissibility of the report or to the evidence of the conduct as described in that report.

Because there is a cause-and-effect dimension to the contract claim here, plaintiffs must establish a causal connection between the specific conduct indicated in the report and the specific medical and/or psychiatric expenses for which claim is made.

In my view, plaintiffs are at liberty to bring forth direct evidence of the tortious conduct alleged as the gravamen of the claims for assault and for battery and for punitive damages. Although the police report itself may not be admissible to prove that conduct as to these counts of the complaint, there is no preclusion to introduction of direct evidence of the conduct merely because that conduct also was the subject of criminal charges which were or may be dismissed.

With regard to the second issue discussed by the majority, I would not reach the balancing test between relevance and prejudicial impact. It appears that the question is not whether the portion of the plea agreement here involved is relevant. The question of relevance is not an appropriate issue when the matter in question is the claim itself. When the suit is upon a contract, as here, *the* contract is clearly admissible. Relevance is quite simply not in issue. Accordingly, the "degree of relevance vs. prejudicial impact" inquiry is not brought into play.

To be sure, other provisions of the pretrial diversion agreement are subject to the relevance-prejudicial impact analysis. But because we hold that those other provisions

were properly excluded we need not have considered the matter of prejudicial impact.

I fully agree with the majority that the "agreement" is not excludable under I.C. 34–3–18–1. In a somewhat related context, I also would observe that we are not here concerned with the admissibility in a civil case of a final judgment in a criminal case. We are speaking of an agreement made by Loftus for the benefit of the Bezy family. It in no way involves a judgment of conviction.

Subject to the views set forth herein, I concur in reversal of the order and in the remand to the trial court for further proceedings.