Vincent **WRIGHT**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 34A04–9802–CR–48.

Court of Appeals of Indiana.

Oct. 6, 1998.

Bradley D. Hamilton, Kokomo, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

ROBB, Judge.

This court accepted Vincent Wright's petition for interlocutory appeal to consider whether the trial court erred in denying his motion to dismiss two pending charges of dealing in cocaine. We reverse.

### *Issue*

Wright raises the following restated issue for our review: whether the trial court erred in denying his motion to dismiss two pending charges pursuant to a plea agreement he entered in another cause which provided that the State would not "file or proceed" on any charges of which it was aware at the time of the plea.

### *Facts and Procedural History*

In 1994, Wright was charged with two counts of theft in Howard Superior Court (the "Superior Court case"). In May 1995, he was charged with two counts of dealing in cocaine in Howard Circuit Court (the "Circuit Court case"). In July 1995, Wright entered into a plea agreement in the Superior Court case which provided that he plead guilty to one count of theft and be sentenced to three years at the Indiana Department of Correction. In return, the State was to dismiss the other theft charge in the Superior Court case and agreed "not to file or proceed with any other charges of which they have knowledge." R. 42. Wright's counsel drafted the plea recommendation and presented it to the prosecutor prior to the guilty plea hearing for signature. R. 144. The Superior

Court accepted the plea and sentenced Wright accordingly; he has since served his sentence.

In April 1996, Wright filed a motion to dismiss the charges in the Circuit Court case pursuant to the plea agreement he entered in the Superior Court case. A hearing was held at which the deputy prosecutor who had signed the plea agreement testified that he was aware of the dealing charges pending in Circuit Court at the time he entered into the plea agreement, but that he did not intend by the language in the plea agreement to dismiss any pending charges. The trial court denied Wright's motion, finding that "it was in fact not the intent of the State and the Defendant by the plea agreement to dispose of the pending cocaine dealing charges...." R. 57–58.

### Discussion and Decision

■ Wright contends that the court erred in denying his motion to dismiss the pending dealing charges in the Circuit Court case, based upon the plea agreement in the Superior Court case. Wright has the burden of proving all the facts necessary to support his motion to dismiss by a preponderance of the evidence. Ind.Code § 35–34–1–8(f). Thus, the denial of his motion to dismiss was a negative ruling, and we will reverse only if the evidence is without conflict and leads inescapably to the conclusion that Wright was entitled to dismissal. *Richardson v. State*, 456 N.E.2d 1063, 1066 (Ind.Ct.App. 1983).

■ A plea agreement is a contract between the state and the defendant. *Epperson v. State*, 530 N.E.2d 743, 745 (Ind.Ct. App.1988). Both the state and the defendant bargain for and receive substantial benefits from the agreement. *Bezy v. Loftus*, 581 N.E.2d 965, 968 (Ind.Ct.App.1991). Once the parties have agreed and the trial court has accepted the agreement, the agreement binds the court and the parties. *Id.* When a plea agreement rests in any significant degree on a promise by the prosecutor, so that the promise can be said to be part of the inducement or consideration for the plea, such promise must be fulfilled. *Epperson*, 530 N.E.2d at 745. Failure of a prosecutor

to adhere to any promise he made which induces the guilty plea would constitute a breach of the plea agreement and would render the plea involuntary and violate the defendant's rights. *Harris v. State*, 671 N.E.2d 864, 870 (Ind.Ct.App.1996), *trans. denied.*

■ Because a plea agreement is a contract, albeit one affecting important due process rights, the principles of contract law can provide guidance in the consideration of plea agreements. *Spivey v. State*, 553 N.E.2d 508, 510 (Ind.Ct.App.1990). The primary goal of contract interpretation is to give effect to the parties' intent. Accordingly, when the terms of a contract are clear and unambiguous, they are conclusive of that intent and the court will not construe the contract or look to extrinsic evidence. Rather, we will merely apply the contractual provisions. *Beiger Heritage Corp. v. Montandon*, 691 N.E.2d 1334, 1336–37 (Ind.Ct.App.1998). Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms. Rather, ambiguity will be found in a contract only if reasonable people would find the contract subject to more than one construction. *Id.* at 1337.

At the hearing on his motion to dismiss, Wright entered into evidence a copy of the Recommendation for Plea Bargain tendered in the Superior Court case. The recommendation provided that "[u]pon Defendant's plea of guilty to Count I, Theft, a class D felony, he shall be sentenced to the Indiana Department of Correction for three (3) years. The State agrees to dismiss Count II, and further agrees not to file or proceed with any other charges of which they have knowledge." R. 42. The recommendation is signed by the deputy prosecuting attorney, Wright, and Wright's counsel. R. 43. The deputy prosecuting attorney who had signed the plea recommendation testified that at the time he signed the recommendation, he was aware that there were dealing charges pending against Wright in Circuit Court. R. 135–37, 141.

■ The State argues that reasonable people could disagree concerning the meaning of the State's promise not to file or proceed

with any charges of which it had knowledge, and that therefore, the court properly resorted to extrinsic evidence to determine the parties' intent in entering into the plea agreement. We disagree. "The State ... further agrees not to file or proceed with any other charges of which they have knowledge" is clear, plain, unambiguous language conclusive of the parties' intent: Wright would plead guilty to one count of theft, and the State would not file any new charges based upon conduct of which it was aware at the time of the plea *or* proceed with prosecuting any charges which it knew existed at the time of the plea, including the pending dealing charges. If the language did not accurately reflect the State's intent, then it was the State's obligation to correct the language or not sign the document, as it became binding on all parties as written upon its acceptance by the court.

■■■■ Wright produced uncontroverted evidence that the State was aware of the dealing charges at the time the plea recommendation was made, and therefore, Wright has met his burden of proving that he was entitled to have the Circuit Court case dismissed pursuant to the plain language of the Superior Court plea agreement.[1]

Reversed and remanded with instructions to the trial court to grant Wright's motion to dismiss.

KIRSCH, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. As observed by the majority, the primary goal of contract interpretation is to give effect to the parties' intent. Thus, the question to be answered in this case is whether Wright and the State intended for the Dealing in Cocaine charges to be dismissed when they entered into the following agreement:

Upon [Wright's] plea of guilty to Count I, Theft, a class D felony, he shall be sentenced to the Indiana Department of Cor-

rection for three (3) years. The State agrees to dismiss Count II, and further agrees not to file or proceed with any other charges of which they have knowledge.

Record at 130. The majority concludes that these terms unambiguously manifest the State's intent not to prosecute the pending Dealing in Cocaine charges. I cannot agree.

If the State had wished to dismiss the dealing charges, it could have specifically identified them as it did the second Theft count. Instead, the State chose to include a general statement, agreeing "not to file or proceed with any other charges of which they have knowledge." This statement, taken in conjunction with its specific dismissal of the Theft count, is ambiguous. Although it could mean that the State agreed to dismiss the Dealing in Cocaine charges, it could also mean that the State agreed not to refile or otherwise prosecute charges related specifically to the events surrounding the Theft charges. Because the plea agreement is ambiguous, I would look to extrinsic evidence to determine its meaning.

The trial court concluded, and I agree, that the parties did not intend for the Dealing in Cocaine charges to be dismissed. The trial court identified the following evidence in support of its conclusion: (1) the Dealing in Cocaine charges were not specifically referred to in either the plea agreement or at the plea hearing; (2) neither the trial court's sentencing order nor the Abstract of Judgment regarding the Theft conviction refer to a dismissal of the dealing charges; (3) Wright waited nearly eight months from the time of the plea agreement until he moved for dismissal of the dealing charges, and he requested two trial continuances during that period; and (4) a deputy prosecutor involved in the execution of the plea agreement testified that the State did not intend to dismiss the Dealing in Cocaine charges. Too, I would add that the Dealing in Cocaine charges were pending in a different court, the Howard Circuit court, than the Theft

1. Specific performance of the plea agreement is not always the most appropriate relief in cases where a promise made by the State is not fulfilled. *Crose v. State*, 482 N.E.2d 763, 768 (Ind.

Ct.App.1985). However, because Wright has already served the sentence imposed pursuant to the plea in the Circuit Court case, the circumstances of this case require specific performance.

 

charges which were in the Howard Superior Court. Thus, the plea agreement was executed in a different court.

Because I would affirm the trial court's denial of Wright's motion to dismiss the Dealing in Cocaine charges, I dissent.