BAILEY, Judge,
concurring.
I fully concur in this opinion but write separately to reaffirm my view that the holding set forth in Farmer v. State is a proper application of the principle expressed in Hammons.
. As pointed out, Hammons involved a defendant who was acquitted of murder but found guilty of voluntary manslaughter. The trial court disagreed with the jury’s verdict and imposed the maximum penalty for manslaughter based upon that disagreement. The Supreme Court reversed. Hammons, 493 N.E.2d at 1253. In essence, the defendant had not received the benefit of the acquittal.
Conwell extended Hammons to the guilty plea context. Conwell, 542 N.E.2d at 1025. There, pursuant to a plea agreement, the defendant pled guilty to burglary as a class C felony rather than burglary as a class B felony, as charged. We held that the trial court could not find as an aggravator the fact that the burglary occurred in a residence, as that was the fact distinguishing the class B and C felonies. Id. In essence, the defendant had not received the benefit of having pled guilty to the lesser-included offense.
Here, the prosecutor charged Sexton with eight counts: murder; felony murder; robbery; criminal confinement; two counts of forgery; and unlawful possession of a firearm by a serious violent felon; the State also alleged that Sexton is an habitual offender. Yet, pursuant to a plea agreement, Sexton pled guilty to felony murder and the State dismissed all remaining charges. Nevertheless, when imposing the sentence, the trial court identified as an aggravator facts underlying a dismissed charge, i.e., that Sexton possessed a handgun despite his prior felony convictions. I believe that, by so doing, the court deprived Sexton of the benefit of his bargain, although in this instance the error was harmless.
A plea agreement is a contract, “an explicit agreement between the State and defendant” that is binding upon the trial court and both parties once the court has accepted the agreement. Griffin v. State, 756 N.E.2d 572, 574 (Ind.Ct.App.2001) (citations omitted), trans. denied; Wright v. State, 700 N.E.2d 1153, 1154 (Ind.Ct.App.1998). Both parties bargain for and receive substantial benefits from the agreement. Wright, 700 N.E.2d at 1154. “When a plea agreement rests in any significant degree on a promise by the prosecutor, so that the promise can be said to be part of the inducement or consideration for the plea, such promise must be fulfilled.” Id.
*843 When, as here, the defendant is induced to plead guilty by a promise to dismiss charges, the defendant’s reasonable expectation under the contract is that there will be no concomitant penal consequences from those dismissed charges. Likewise, when the prosecutor enters into a plea agreement providing for the dismissal of certain charges, the prosecutor agrees that there will be no conviction or sentence attendant to the dismissed charges. When accepted, the trial court is bound by that agreement. Thus, I must conclude that, in the context of the plea agreement, the trial court should not have identified as an ag-gravator that Sexton possessed a handgun despite his prior felony convictions, as that charge had been dismissed.
I recognize that, to avoid misunderstandings with regard to such a binding agreement, the better practice is for counsel to reduce to writing all terms of a plea agreement. Griffin, 756 N.E.2d at 574. Thus, if the prosecutor chooses to argue that the trial court should consider evidence of dismissed charges as an aggravator, the plea agreement should provide as much and the defendant could then make an informed decision regarding the benefits of such an agreement. A “meeting of the minds” in this context is not inconsequential. Therefore, absent such a provision, I remain convinced that, in the context of a plea agreement, the trial court abuses its discretion when it uses conduct forming the basis of a dismissed charge to enhance the sentence for the offense to which the defendant pled guilty.