Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**JOHN D. ROGERS**
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN D. ROGERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A04-1211-CR-592 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
Cause No. 10C01-0206-FB-64

**July 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

John D. Rogers ("Rogers"), appearing *pro se*, appeals the Clark Superior Court's denial of his motion for specific performance of a plea agreement.

We affirm.

## Facts and Procedural History

On June 28, 2002, the State charged Rogers with three counts of criminal conduct: Count I, Class B felony attempted burglary; Count II, Class A misdemeanor resisting law enforcement; and Count III, Class A misdemeanor mistreatment of a law enforcement animal. On June 17, 2009, Rogers pleaded guilty to Count I, Class B felony attempted burglary, pursuant to a plea agreement in which the State agreed to dismiss Counts II and III. The plea agreement recommended a ten-year sentence executed in the Department of Correction to be served concurrently with sentences in other cases in Washington County and Floyd County, Indiana and the State of Kentucky.[1]

On July 14, 2009, the trial court accepted the plea agreement. Three years later, on August 12, 2012, Rogers filed a motion to modify his sentence. Two months thereafter, he filed a motion for specific performance of the plea agreement. The sentencing court denied both motions on October 19, 2012. Rogers now appeals.

## Discussion and Decision

Rogers's plea agreement provided that the trial court would order his ten-year sentence to be served concurrent to sentences for convictions in Washington County,

---

[1] Rogers's sentencing in Washington County apparently took place after his sentence was ordered in Clark County. The Washington County court ordered that his sentence there be served consecutive to the Clark County sentence.

Floyd County and Kentucky, and the trial court did so. The Chronological Case Summary ("CCS") for Rogers' burglary conviction states,

> Court accepts Defendant's plea of guilty and sentences the Defendant to a ten (10) year executed term of imprisonment at the Indiana Department of Corrections [sic], to run concurrent with Washington and Floyd County, Indiana and with the State of Kentucky. The Defendant may petition the Court for modification of his sentence after he has served five (5) actual years or one-half (1/2) of his sentence.

CCS p. 5.[2]

Rogers correctly observes that a plea agreement is a binding contract between the State and the defendant. Wright v. State, 700 N.E.2d 1153, 1155 (Ind. Ct. App. 1998). However, there is simply no evidence in the record that the State has violated the terms of the plea agreement or that the trial court imposed a sentence contrary to its terms.

The record on appeal in this case is woefully inadequate and does not even include a copy of Rogers's plea agreement. As the appellant, it is Rogers's burden to provide an adequate record. Eiler v. State, 938 N.E.2d 1235, 1237 (Ind. Ct. App. 2010). Moreover, to the extent that Rogers's argument may be framed as an attempt to appeal his sentence, he is required to raise such issues in a direct appeal. Alternatively, Rogers may have been able to raise this issue as part of a petition for post-conviction relief under Indiana Post-Conviction Rule PC 1. However, "post-conviction relief is not a substitute for direct appeal but rather a process for raising issues unknown or unavailable at trial, an issue known and available but not raised on direct appeal may not be raised in post-conviction proceedings." Collins v. State, 817 N.E.2d 230, 232 (Ind. 2004) (citing Bunch v. State,

---

[2] Rogers failed to file an appendix, but the Chronological Case Summary was included in the record on appeal as an attachment to the Notice of Completion of Clerk's Record.

778 N.E.2d 1285, 1289 (Ind. 2002)). Having failed to raise his sentencing argument in either a properly-filed direct appeal or as a new issue eligible for post-conviction relief, Rogers waives the issue in this appeal.

In the absence of a direct appeal or cogent argument for post-conviction relief, Rogers's motions concerning his sentencing have no foundation either in substantive law or in fact.[3] Further, although Rogers is representing himself *pro se*, "*pro se* litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004) (citing Wright v. State, 772 N.E.2d 449, 463 (Ind. Ct. App. 2002)). Rogers's failure to provide an adequate record, to make a cogent argument and to properly make his claims in a direct appeal or petition for post-conviction relief are fatal to his motion.

Affirmed.

BAKER, J. and MAY, J., concur.

---

[3] Review of the limited record on appeal does reveal that Rogers's sentence in an unrelated cause in Washington County was ordered to be served consecutively to his sentence in Clark County. However, Rogers wrongfully asserts that the consecutive sentences are an error of the Clark Superior Court. The Clark Superior Court may not alter the sentencing decisions of the court in another county. A trial court is bound only by the terms in a plea agreement that are within the court's legal power to control. See State v. Holloway, 980 N.E.2d 331, 335 (Ind. Ct. App. 2012) (citing Reffett v. State, 571 N.E.2d 1227, 1230 (Ind. 1991)).