Virginia L. FETZ, Appellant–Defendant,

v.

Harold K. PHILLIPS and Naomi R. Phillips, Appellees–Plaintiffs.

No. 13A01–9109–CV–272.

Court of Appeals of Indiana, First District.

May 20, 1992.

Scott T. Miller, Corydon, for appellant-defendant.

Roger D. Davis, Corydon, for appellees-plaintiffs.

BAKER, Judge.

Defendant-appellant Virginia L. Fetz (Fetz) appeals the granting of summary judgment in favor of plaintiff-appellees Harold K. and Naomi Ruth Phillips (the Phillipses). Fetz raises two issues for our review, which we restate as:

I. Whether the trial court erred in granting summary judgment.

II. Whether the trial court erred when it failed to conclude that the Phillipses' option to purchase was cancelled because the Phillipses failed to comply with the terms of the lease.

III. Whether the trial court erred in appointing an appraiser to determine the purchase price.

The Phillipses also make an extensive argument in support of the trial court's order awarding them attorney's fees. We address the issue their argument raises, which is whether the award was proper.

### FACTS

On May 14, 1985, Fetz executed to the Phillipses a 5–year lease with option to purchase 9.6 acres of farm land. The Phillipses, as lessees, agreed to pay $1 per year consideration, and to maintain, oversee, and manage the land during the term of the lease. The Phillipses also agreed to maintain liability insurance and to pay all assessed real estate taxes. The option to purchase provision gave the Phillipses the option to purchase the land when the term of the lease expired or at any time during the lease. If the Phillipses failed to perform the conditions of the lease, Fetz had to inform the Phillipses by written notice that they were in default. If the Phillipses continued in default for 30 days after receiving notice, the lease and option would be cancelled.

The record reveals the Phillipses paid the $1 per year consideration by taking Fetz out to eat at a restaurant, and they maintained and managed the land. The Phillipses failed, however, to secure liability insurance and to pay the real estate taxes. Despite the Phillipses' noncompliance, it is undisputed that Fetz never sent the Phillipses written notice of their default as required under the lease.

On May 9, 1990, the Phillipses informed Fetz that they wished to exercise their option to purchase the 9.6 acres of land and they tendered the presumptive purchase price as stated in the contract. Fetz refused to sell the land to the Phillipses, and the Phillipses filed an action seeking specific performance of the contract. On May 28, 1991, the trial court entered summary judgment against Fetz and ordered her to execute the deed to the Phillipses after both parties negotiated and agreed on a purchase price. The court also awarded the Phillipses reasonable attorney's fees. The parties did not negotiate a purchase price, however, and, on motion by the Phillipses, the court appointed an appraiser on August 22, 1991. The appraiser determined that under the option contract the Phillipses should pay Fetz $5,760.00 for the land, and the court so ordered on November 8, 1991. Fetz now appeals the granting of summary judgment, and the appointment of an appraiser to determine the purchase price.

### DISCUSSION AND DECISION

#### I

#### *Option to Purchase*

Fetz asserts the trial court erroneously granted summary judgment in favor of the Phillipses. Specifically, Fetz complains she intended the contract to give the Phillipses a right of first refusal and not an option to purchase. Even if an option contract was created, however, she argues the purchase price under the contract was ambiguous. Because ambiguous contractual provisions raise genuine issues of material fact, she argues summary judgment was inappropriate.

 In reviewing the propriety of the grant of summary judgment, this court applies the same standard as the trial court. *Hamilton v. Roger Sherman Architects Group, Inc.* (1991), Ind.App., 565 N.E.2d 1136, 1137. Summary judgment is proper when the pleadings, depositions, answers to

interrogatories, admissions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as matter of law. *Id.;* Ind.Trial Rule 56(C). When the parties do not dispute the facts material to the claim, our task is to determine whether the trial court correctly applied the law to the undisputed facts. *State ex rel. Indiana State Bd. of Dental Examiners v. Judd* (1990), Ind. App., 554 N.E.2d 829, 830. This court will affirm a summary judgment based on any legal theory which is consistent with the facts disclosed in the record. *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1323.

■ Fetz correctly notes that when reasonable persons would find a contract susceptible of more than one construction, an ambiguity exists and should be resolved by the trier of fact. *Property Owners Insurance Co. v. Hack* (1990), Ind.App., 559 N.E.2d 396, 403; *Kordick v. Merchants National Bank & Trust Co.* (1986), Ind. App., 496 N.E.2d 119, 125. When the language of a written contract is not ambiguous, however, its meaning is a question of law "for which summary judgment is particularly appropriate." *Slutsky–Peltz Plumbing & Heating Co., Inc. v. Vincennes Community School Corp.* (1990), Ind.App., 556 N.E.2d 344, 346.

■ Furthermore, when this court interprets an unambiguous contract, we must give effect to the intentions of the parties as expressed in the four corners of the instrument. *Turnpaugh v. Wolf* (1985), Ind.App., 482 N.E.2d 506, 508. Clear, plain, and unambiguous terms are conclusive of that intent. *Sink & Edwards, Inc. v. Huber, Hunt & Nichols, Inc.* (1984), Ind.App., 458 N.E.2d 291, 295. This court will not construe clear and unambiguous provisions, nor will we add provisions not agreed upon by the parties. *Wilson v. Elliott* (1992), Ind.App., 589 N.E.2d 259.

■ Here, the disputed contract provision provided, in relevant part:

OPTION TO PURCHASE: At the expiration of five (5) years from the execution of this Lease, or at any time during the term of same, Lessee shall have the option to purchase the real estate. The purchase price of said tract shall be negotiated at the time of the exercise of the option, with the price paid by Lessee for three (3) adjoining acres being the presumptive value, plus or minus based upon changes in the economy over the term of the lease.

*Record* at 9. The language of this provision clearly provides for an option to purchase and not a right of first refusal. Because the parties' intent was to create an option to purchase, as expressed within the four corners of the instrument, this court will not look elsewhere to construe a contrary meaning. *See Wilson, supra.* The trial court properly granted summary judgment on this issue.

■ Notwithstanding Fetz's argument to the contrary, the above provision also provides a specific and unambiguous formula for determining the purchase price. The presumptive value is $1,300 per acre, the price per acre the Phillipses paid earlier for three adjoining acres. Through negotiations, however, the parties may adjust the presumptive price up or down based on changes in the economy over the term of the lease. Because the trial court appropriately determined this provision was not ambiguous, the granting of summary judgment was proper inasmuch as the trial court determined the contract created an option to purchase. *See Slutsky–Peltz, supra.*

## II

### Cancellation of Option to Purchase

Fetz also argues the Phillipses' option to purchase was cancelled because they failed to comply with two terms of the lease. The option to purchase provision provided, in relevant part:

Time shall be of the essence of this Option [to Purchase]. If Lessee–Purchaser fails to perform or observe any other condition or term of this Contract and such default continues for a period of thirty (30) days after written notice thereof is given to Lessee–Purchaser, then Lessor–Vendor shall cancel this Option and take possession of the Real Es-

tate and remove Lessee–Purchaser therefrom or those holding or claiming under Lessee–Purchaser, without any further demand. In the event of the Lessor–Vendor's cancellation after default by Lessee–Purchaser, all rights and demands of Lessee–Purchaser under this contract and in and to the Real Estate shall cease and terminate, and the Lessee–Purchaser shall have no further right, title or interest in or to the Real Estate.

*Record* at 9–10.

■ Both parties agree the Phillipses failed to maintain liability insurance and to pay the property taxes as required under the lease. Under the above provision, however, Fetz was required to provide the Phillipses written notice of noncompliance. The record reveals Fetz never gave the Phillipses written notice of their failure to perform under the contract. Because notice was necessary before the lease and option could be cancelled, the option remained valid even though the Phillipses failed to comply with two requirements under the lease.

### III

#### *Appraiser*

Next, Fetz argues the trial court improperly appointed an appraiser to determine the price the Phillipses were to pay Fetz for the 9.6 acres. We agree.

■ The record reveals that when the trial court granted the Phillipses' motion for summary judgment, it instructed the parties to negotiate a purchase price. The order also stated that if they were unable to agree on a purchase price, the court would appoint an appraiser. By letter of June 3, 1991, the Phillipses offered to pay Fetz $1,300 per acre for the land, but the offer went unanswered. Concluding that the parties could not agree on a purchase price, the Phillipses moved the trial court to appoint an appraiser, and the court ordered the appointment on August 22, 1991. The appraiser found that as of August 31, 1991, the property had a market value of $600 per acre for a total of $5,760. On November 7, 1991, the trial court adopted the appraiser's opinion, and ordered the Phillipses to pay Fetz $5,760 for the land under the option contract.

The parties' contract mandated that "[t]he purchase price of [the 9.6 acres] shall be negotiated at the time of the exercise of the option." *Record* at 9. The provision also specified that changes in the economy over the term of the lease could cause the presumptive value [$1,300 per acre] to increase or decrease. The parties agreed, therefore, that the price per acre for the 9.6 acres would be presumptively the same as the price per acre for the three acres sold earlier, but the parties would be free to negotiate economic changes.

■ Appointing an appraiser here was erroneous for two reasons. First, it denied the parties the right to negotiate as provided for under the contract. Courts must give effect to the contractual provisions agreed upon by the parties. *Turnpaugh, supra.* Second, the parties did not agree to let an appraiser determine the price, and the trial court was not free to add contractual provisions not agreed upon by the parties. *Wilson, supra; see also Puetz v. Cozmas* (1958), 237 Ind. 500, 507, 147 N.E.2d 227, 231 (lease with option to renew must provide criterion by which renewal rent shall be determined or it must clearly provide that other persons are to determine the amount of rent in event the parties fail to agree).

We note that "[o]rdinarily, a party can waive any right provided for his benefit by a contract." *Terre Haute Regional Hospital, Inc. v. El–Issa* (1984), Ind.App., 470 N.E.2d 1371, 1379, *trans. denied* (citations omitted). In this case, however, we are not satisfied that Fetz's failure to respond to the Phillipses' single attempt to negotiate was sufficient to render her right to negotiate waived. The $5,760 purchase price is ordered vacated, and we remand to the trial court with instructions to permit the parties to offer evidence regarding economic changes affecting the presumptive purchase price of $1,300 per acre.

IV

*Attorney's Fees*

Finally, the Phillipses make an extensive argument supporting the trial court's order awarding them attorney's fees. Although Fetz merely acknowledges the Phillipses' argument in her reply brief, we nonetheless address the issue of attorney's fees as raised by the Phillipses. The trial court stated it was awarding the fees "as a result of the Defendant's breach of the option to purchase." *Record* at 46. The award was improper.

A prevailing party is not entitled to recover attorney's fees absent statutory authority or prior agreement. *Indiana & Michigan Electric Co. v. Terre Haute Industries, Inc.* (1987), Ind.App., 507 N.E.2d 588, 603, *trans. denied.* Pursuant to IND. CODE 34–1–32–1(b), for example, the trial court may award attorney's fees in any civil action if it finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continues to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Although the Phillipses argue Fetz's defenses and claims were frivolous, unreasonable, and groundless, the trial court gave no indication it reached such a conclusion. We will therefore not affirm the award of attorney's fees on that ground. Neither did the parties agree in their contract that attorney's fees could be awarded if one party breached the lease and option to purchase agreement. The award of attorney's fees was improper and is ordered vacated.

Finally, the Phillipses request this court to assess attorney's fees against Fetz pursuant to Ind.Appellate Rule 15(G). In light of our reversal, in part, and instructions to remand for further proceedings, awarding attorney's fees would be inappropriate.

**1.** This case transferred by direction of the Chief

*Conclusion*

The grant of summary judgment finding the contract provided an option to purchase is affirmed, the judgment regarding the purchase price and award of attorney's fees is reversed, and the cause is remanded for further proceedings to determine the purchase price pursuant to Part III of this court's opinion.

RATLIFF, C.J., and SULLIVAN, J., concur.