David H. AUSTIN, Appellant–Plaintiff,

v.

**OLD NATIONAL BANK IN EVANSVILLE, Appellee–Defendant.**

No. 87A01–9506–CV–197.

Court of Appeals of Indiana.

Oct. 26, 1995.

Scott E. Minnette, Evansville, John D. Clouse, John P. Brinson, Evansville, for appellant.

Stephen Hensleigh Thomas, Brent A. Raibley, Statham, Johnson & McCray, Evansville, Robert Stayman, Evansville, for appellee.

**OPINION**

BAKER, Judge.

Appellant-plaintiff David H. Austin appeals the trial court's grant of summary judgment in favor of appellee-defendant Old National Bank in Evansville (Bank) in his action against the Bank for false arrest. Austin raises one issue for review which we restate as: whether the Bank is immunized from liability, pursuant to the Federal Right to Financial Privacy Act[1] (Act), for disclosing its suspicion that Austin was using counterfeit checks to the Evansville Police Department.

*FACTS*

The undisputed facts reveal that at the time that the present dispute arose, Austin was a businessman living in Henderson, Kentucky. At that time, he maintained several

---

1. 12 U.S.C.A. §§ 3401 to 3422 (1978). This Act prohibits financial institutions from disclosing customer financial information to government authorities, which are specifically defined as federal departments and agencies. 12 U.S.C.A. §§ 3401(3), 3403(a) (1978). However, if a finan- cial institution has reason to believe a customer violated a statute or regulation, the institution is authorized to disclose such information to the proper government authorities. 12 U.S.C.A. § 3403(c) (1978).

bank accounts, including a corporate account at the First National Bankcorp of Costa Rica, which he used to pay both his business and personal expenses. In December 1985, Austin issued a check drawn on his Costa Rican bank account to Schnucks' Markets. This check was presented to the Bank, who forwarded it to the Federal Reserve Bank in Miami. The Federal Reserve Bank, however, returned the check to the Bank because it was not drawn on a registered banking institution. The Bank then notified Schnucks' that Austin's check had been returned.

Thereafter, Schnucks' contacted Austin and informed him that his check had been returned unpaid. Austin contacted the Bank, and was told to go to one of the Bank's branches and to speak with a manager regarding the check. However, when Austin went to the branch of the Bank located at Eastland Mall, the manager informed him that she believed the check to be counterfeit. Austin denied this allegation. The manager then told Austin that she needed to speak to the downtown branch. However, instead of contacting the downtown branch, the manager reported her suspicion that Austin was using counterfeit checks to the Evansville Police Department. The police arrived at the Eastland Mall Branch, arrested Austin and charged him with forgery. On September 3, 1986, Austin was tried and acquitted on all charges.

On December 10, 1987, Austin filed a lawsuit against the Bank alleging false arrest. The Bank moved for summary judgment on December 29, 1994, arguing that the Right to Financial Privacy Act authorized it to report Austin's possible counterfeiting to the Evansville Police Department and provided it with immunity from liability. On February 24, 1995, the trial court granted the Bank's motion for summary judgment.

## DISCUSSION AND DECISION

■ Austin contends the trial court erred in granting the Bank's motion for summary judgment pursuant to the Right to Financial Privacy Act. When reviewing the grant of summary judgment, our standard is the same as the trial court. *Fetz v. Phillips* (1991), Ind.App., 591 N.E.2d 644, 646. Summary judgment is proper when the designated pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Hamilton v. Roger Sherman Architects Group, Inc.* (1991), Ind.App., 565 N.E.2d 1136, 1137; Ind. Trial Rule 56(C). When the parties do not dispute the facts material to the claim, our task is to determine whether the trial court correctly applied the law to the undisputed facts. *State ex rel. Indiana State Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829, 830. This court will affirm a summary judgment based upon any legal theory which is consistent with the facts disclosed in the record. *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1323.

■ Austin argues that the Act gave the Bank the authority to disclose his financial information to federal government authorities, but not to state or local authorities such as the Evansville Police Department, and thus, the Act is inapplicable to the present situation [2]. The Bank does not contest that the specific provisions of the Act only authorize disclosure to federal agencies or departments, but argues that the Act's distinction between state and federal authorities is "artificial" and not in keeping with the Act's purpose: to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity. *U.S.Code Congressional and Administrative News*, Vol. VII, p. 9305. Despite such policy arguments by the Bank, it is clear that the legislature did not intend to authorize disclosure to state and local agencies. Early drafts of the Right to Financial Privacy Act

2. The Bank argues that because Austin did not raise the issue of the Act's inapplicability in the court below, he cannot argue this issue for the first time on appeal. We disagree. When the Bank raised the Act as a defense for its actions, the Act was properly before the trial court, which had the duty to determine whether the Act was applicable to the facts of the case. On appeal, we stand in the shoes of the trial court. Thus, we have the authority to consider whether the Act applies to the present case.

made the Act applicable to state and local, as well as federal agencies. However, the version of the Act which was eventually passed by Congress included only federal agencies in the definition of governmental authorities. *Nichols v. Council on Judicial Complaints* (1980), Okl., 615 P.2d 280, 283, fn. 15, citing H.R.Rep. No. 1383, 95th Cong., 2nd Sess. 7, 247. Thus, it is clear Congress intended to authorize banks to make disclosures of suspected wrongdoing to federal, but not to state government agencies. As a result, the Act is inapplicable to the present case and the trial court erred in granting summary judgment in favor of the Bank[3].

Judgment reversed and remanded for proceedings not inconsistent with this opinion.

ROBERTSON and FRIEDLANDER, JJ., concur.

---

**3.** Our determination that the Act is inapplicable to the present situation makes it unnecessary to address whether the Act provides the Bank with immunity for reporting its suspicion of Austin.