**BEIGER HERITAGE CORPORATION,**
Appellant,

v.

**Ronald L. MONTANDON and
Phil Robinson, Appellees.**

No. 71A05–9608–CV–318.

Court of Appeals of Indiana.

March 9, 1998.

Wilfred J. Mayette, Mayette & Mayette, Mishawaka, for appellant.

James A. Masters, Nemeth, Fenney & Masters, P.C., South Bend, for appellees.

## OPINION

RUCKER, Judge.

This case involves a dispute over the interpretation of a lease agreement which sets forth responsibility for the payment of real estate taxes. After a trial to the bench, the trial court entered judgment in favor of Ronald L. Montandon and Phil Robinson (referred to collectively as "Montandon"). Beiger Heritage Corporation ("Beiger") now appeals raising three issues for our review which we consolidate and rephrase as follows: (1) was the trial court's interpretation of the lease agreement erroneous; and (2) did the trial court err in awarding Montandon attorneys fees. On cross appeal Montandon contends the trial court erred in calculating the amount of real estate taxes due.

We affirm in part, reverse in part, and remand.

Beiger is a non profit corporation that owned a house located in Mishawaka, Indiana commonly referred to as the Beiger Mansion (Mansion). In 1989 Montandon entered an agreement with Beiger to lease the Mansion with an option to purchase. The original lease term began August 1, 1989 and ended December 31, 1992. By agreement of the parties the term was extended until March 8, 1993. Montandon exercised his option to purchase the Mansion, and the closing took place on the last day of the lease term. Shortly thereafter a dispute arose between the parties concerning the ownership of certain items of personal property remaining on the premises. When the dispute could not be resolved, Beiger filed a complaint against Montandon for replevin and immediate possession. Montandon filed a counter claim seeking reimbursement for real estate taxes he had paid for assessment years 1992 and 1993. After a bench trial, the trial court entered judgment in favor of Beiger on its complaint for replevin. With respect to the counter claim, the trial court entered judgment in favor of Montandon for $9,966.54 representing 1992 taxes payable in 1993 and 1993 taxes payable in 1994 prorated from January 1, 1993 to March 8, 1993. The trial court also entered judgment in favor of Montandon in the amount $1,710.00 as attorneys fees. This appeal followed.

The evidence before the trial court included the lease agreement between the parties. Paragraph 8 of the agreement dictated "[a]ny and all real and personal property taxes due and payable on a date subsequent to the execution hereof shall be paid timely by the lessee." R. at 405. Beiger contends the trial court erred in interpreting this provision, particularly the meaning of the term "due and payable." Pointing out that Montandon was the lessee of the Mansion from August 1, 1989 to March 8, 1993, Beiger argues Montandon was responsible for the payment of real estate taxes assessed against the Mansion during that time.

▬ In this case neither party requested special findings of fact and the trial court did not gratuitously enter such findings. Thus, we review the decision of the trial court under the general judgment standard. *Bedford Recycling, Inc. v. U.S. Granules Corp.*, 634 N.E.2d 1361 (Ind.Ct.App.1994), *trans. denied.* A general judgment will be affirmed if it can be sustained upon any legal theory consistent with the evidence. *Bowlby v. NBD Bank,* 664 N.E.2d 383 (Ind.Ct.App. 1996), *trans. denied.* In making this determination we neither reweigh evidence nor judge the credibility of witnesses. Rather, we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Klebes v. Forest Lake Corp.,* 607 N.E.2d 978 (Ind.Ct. App.1993), *trans. denied.*

In this State, real property is assessed for tax purposes on the first day of March of one year, but taxes thereon do not have to paid until May 15 and November 15 of the following year. Ind.Code §§ 6–1.1–1–2 and 6–1.1–22–9. At the time this action began Ind. Code § 6–1.1–2–4 provided:

(a) The owner of any tangible property[1] on the assessment date of a year is liable for the taxes imposed for that year on the property.

(b) A person holding, possessing, controlling, or occupying any tangible property on the assessment date of a year is liable for the taxes imposed for that year on the property unless:

(1) he establishes that the property is being assessed and taxed in the name of the owner; or

(2) the owner is liable for the taxes under a contract with that person.

When a person other than the owner pays any property taxes as required by this section, that person may recover the amount paid from the owner, unless the parties have agreed to other terms in a contract.[2]

The record is clear that Beiger owned the subject real estate on the March 1, 1993 assessment date. The record is also clear that Montandon, as holder and possessor of the real estate, established that the property was assessed and taxed in Beiger's name.[3] Thus, because Montandon paid the assessed property taxes, he was entitled to reimbursement form Beiger unless the lease agreement provided otherwise. According to Beiger the "due and payable" language in the agreement shifted the tax burden to Montandon. Pointing to extrinsic evidence Beiger also contends the parties intended that Montandon pay all real estate and personal property taxes accruing during the term of the lease.

▬ The primary goal of contract interpretation is to give effect to the parties' intent. Accordingly when the terms of a contract are clear and unambiguous, they are conclusive and the court will not construe the contract or look to extrinsic evidence. *Stout v. Kokomo Manor Apartments,* 677 N.E.2d 1060 (Ind.Ct.App.1997). Rather, we will

---

1. "Tangible property" is defined as real property as well as personal property. *See* Ind.Code § 6–1.1–1–19.

2. This statute was amended by Pub.L. 51–1997. The amendment was effective as of January 1, 1998 and applies only to assessment years beginning after December 31, 1997.

3. As a non-profit corporation Beiger was exempt from the payment of real estate taxes on the Mansion, provided that Beiger had filed a not-for-profit exemption certificate with the County Auditor. *See* Ind.Code § 6–1.1–11–3. Apparently Beiger filed its certificate for tax assessment years 1989 to and including 1991. Thus, no taxes were assessed for those years. For reasons not apparent in the record before us Beiger did not file its certificate for tax assessment years 1992 or 1993. As a result taxes were assessed against the Mansion for both years.

merely apply the contractual provisions. *Id.* In this case Montandon argued and the trial court agreed that although taxes became "due" while Montandon was a tenant, they did not become "payable" until after the lease expired. Accordingly, Montandon had no obligation to pay the taxes. Inferring that the terms are ambiguous Beiger counters that " 'due and payable' are used in a generic sense, otherwise the Lessee through clever timing could walk away from two years tenancy without paying any real or personal property taxes." Brief of Appellant at 13.

■ Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms. *George Uzelac & Assocs., Inc. v. Guzik,* 663 N.E.2d 238 (Ind. Ct.App.1996), *trans. denied.* Rather, ambiguity will be found in a contract only if reasonable people would find the contract subject to more than one construction. *Fetz v. Phillips,* 591 N.E.2d 644, 647 (Ind.Ct.App. 1992). Barring any qualifying expression, in common usage the word "due" means that "the debt or claim in question is now (presently or immediately) matured and enforceable." BLACK'S LAW DICTIONARY 499 (6th ed. 1990). When qualified by the expression "payable" the word "due" means that the debt or claim "is fixed and certain but the day appointed for its payment has not yet arrived." *Id.* There are no Indiana cases on point defining the term "due and payable." However, in the context of a real or personal property tax, the term has long been used to refer to the "day appointed for its payment." *See, e.g., Board of Comm'rs v. Millikan,* 207 Ind. 142, 145, 190 N.E. 185, 186 (1934) (action against board for refund of taxes allegedly wrongfully paid referring to the "collection of taxes for 1919, due and payable in 1920"); *Chadwick v. City of Crawfordsville,* 216 Ind. 399, 413, 24 N.E.2d 937, 944 (1940) (action to enjoin county Treasurer from collecting taxes for the year 1938 referring to "taxes levied on March 1, 1938, and due and payable in May, 1939"); *White River Sch. Twp. v. Anchor Hocking Glass Corp.,* 131 Ind.App. 242, 246, 168 N.E.2d 349, 350 (1960) (proceedings on a claim for refund of property taxes levied "as aforesaid for the year 1955, due and payable in the year 1956"); *Finley v. Chain,*

176 Ind.App. 66, 77, 374 N.E.2d 67, 72 (1978) (purchaser of real estate property agreeing to "pay that portion of the 1971 taxes, due and payable in 1972").

■ In this case there is nothing about the wording of the lease agreement that suggests the term "due and payable" is used any differently than the way it has been commonly used in this state for decades. Although taxes are assessed in March of one year the date appointed for their payment does not occur, that is they are not due and payable until May and November of the following year. Here, the lease expired before real estate taxes on the Mansion became due and payable. It is axiomatic that any obligation Montandon may have had to pay taxes under provisions of the lease could not have extended beyond the end of the lease term. Because the lease did not shift the burden of paying the taxes to Montandon, they were thus Beiger's responsibility. The trial court properly interpreted the parties' lease agreement on this point, and thus we find no error.

■ The trial court awarded Montandon attorneys fees under a provision of the lease that provided in relevant part: "in case suit should be brought ... because of any act which may arise out of the possession of the premises, by either party, the prevailing party shall be entitled to all costs ... including a reasonable attorney's fees." R. at 405. According to Beiger the foregoing provision applies only to the lease of the premises and not the option to purchase which Beiger maintains is a separate and distinct agreement. Asserting that Montandon's complaint arose over a dispute concerning the option to purchase, Beiger complains Montandon was not entitled to an award of attorneys fees. Beiger's one paragraph contention is unsupported by cogent argument or citation to authority. The issue is therefore waived. Ind. Appellate Rule 8.3(A)(7); *Crutcher v. Dabis,* 582 N.E.2d 449 (Ind.Ct. App.1991), *trans. denied.* Waiver notwithstanding Beiger cannot prevail. Although there is a single document captioned "Lease With Option To Purchase" Beiger essentially contends there are in effect two contracts— one for the lease of the Mansion and one for its purchase. It is true that a contract is not

entire and indivisible simply because it is embraced in one instrument and executed by the same parties. *Stoneburner v. Fletcher*, 408 N.E.2d 545 (Ind.Ct.App.1980). However, whether a contract is entire or divisible is controlled by the intention of the parties. "It is well established that the parties to a contract intend that it be entire and indivisible when by its terms, nature and purposes it contemplates and intends that each and all of its parts, material provisions and the consideration, are common each to the other and interdependent, or whether it could be completed in part only." *Id.* at 549. There is no question that Montandon could have leased the Mansion without also exercising an option to purchase it. Thus the agreement could have been completed in part only. Nonetheless our examination of the entire instrument compels us to the conclusion that all of its parts and material provisions are common to each other and interdependent. There was one contract here and not two as Beiger maintains. The attorneys fees provision was applicable to the entire instrument and thus the trial court did nor err in awarding fees thereunder.

On cross appeal Montandon challenges the trial court's judgment award. Specifically he contends the trial court erred in refusing to include the assessed penalties which Montandon paid on the Mansion.[4] He also complains the trial court miscalculated the amount of prorated taxes. We agree with both contentions. Ind.Code § 6–1.1–22–10(a) provides "a person who is liable for property taxes under IC 6–1.1–2–4 is personally liable for the taxes and all penalties, cost, and collection expenses, including reasonable attorney's fees and court costs, resulting from late payment of taxes." The penalties resulting from the late payment of taxes were Beiger's responsibility and thus Montandon was entitled to reimbursement. As for the prorated taxes for the tax year 1993 due and

payable in 1994 the trial court's calculations are also in error.[5] We therefore are constrained to reverse the judgment of the trial court on this point and remand this case for reconsideration of the appropriate amount of taxes and penalties to which Montandon is entitled. In all other respects the judgment of the trial court is affirmed.

SHARPNACK, C.J., and DARDEN, J., concur.

---

4. Ruling that "Mr. Montandon was obligated to mitigate his damages by paying the late penalties himself" the trial court did not include the amount as a part of the award. R. at 16.

5. The record shows that excluding penalties the amount of taxes due and payable in 1994 totaled $8,475.26. There were sixty-seven days between January 1, 1993 and March 8, 1993. Prorated over that period the amount of taxes due and payable equals $1,555.74 calculated as follows: $8,475.26/365 days = $23.22 × 67 = $1,555.74. The total award therefore, excluding penalties, equals $10,035.56 calculated as follows: $8,479.82 (taxes due and payable in 1993) + $1,555.74 (prorated taxes due and payable in 1994) = $10,035.56. The trial court's award of $9,966.54 is not consistent with the foregoing calculations.