EXPRESS MANUFACTURING, LLC., Appellant-Defendant,
v.
COX II CORPORATION, Appellee-Plaintiff.
No. 29A05-0602-CV-57
Court of Appeals of Indiana.
December 28, 2006.
JORDAN D. CHURCH, Noblesville, Indiana, ATTORNEYFOR APPELLANT.
GARY A. SCHIFFLI, Indianapolis, Indiana, CHARLES F. MILLER, JR., Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
BARTEAU, Senior Judge

STATEMENT OF THE CASE
Defendant-Appellant Express Manufacturing, L.L.C. ("Express") appeals from the trial court's order granting summary judgment in favor of Plaintiff-Appellee Cox II Corporation ("Cox II").
We affirm, and remand for determination of appellate fees.

ISSUES
Express presents the following issues for our review.
I. Whether the trial court erred by concluding that Express was liable under the terms of the purchase agreement for 2002 personal property taxes;
II. Whether the trial court erred by granting summary judgment in favor of Cox II on the issue of records availability; and
III. Whether the trial court erred by granting summary judgment in favor of Cox II on the issue of attorney fees.

FACTS AND PROCEDURAL HISTORY
On July 3, 2002, Express, as Buyer, and Cox II, as Seller, executed a purchase agreement regarding the sale of certain business assets. Express and Cox II closed on the agreement on October 3, 2002.
In 2004, Cox II was notified by the Hamilton County Treasurer's Office that business personal property taxes were delinquent for the year 2002, payable in 2003, in the principal sum of $5,564.44 plus penalties and interest.
Cox II sent demand letters to Express on August 14, 2003, and July 2, 2004, notifying Express that it was obligated to pay the taxes under the terms of the purchase agreement. Express did not pay the taxes.
Cox II filed a complaint for declaratory judgment and damages against Express on October 4, 2004. Express filed an answer on December 21, 2004.
On April 14, 2005, Cox II filed a motion for summary judgment. Express filed a response on May 16, 2005. The hearing on Cox II's motion for summary judgment was held on July 7, 2005. On July 27, 2005, the trial court entered an order granting summary judgment in favor of Cox II. Pursuant to the trial court's order, Cox II filed an affidavit of tax indebtedness on August 10, 2005 in the amount of $9,201.23. Express filed a motion to correct error on August 25, 2005 that later was deemed denied. Express now pursues this appeal.

DISCUSSION AND DECISION

STANDARD OF REVIEW
On appeal, the standard of review of a summary judgment ruling is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. SMDfund, Inc. v. Fort Wayne-Allen County Airport Authority, 831 N.E.2d 725, 728 (Ind. 2005). A court on review can affirm an order granting summary judgment on any grounds as to which the designated evidence establishes no genuine issue of material fact. Id.

BUSINESS PERSONAL PROPERTY TAX LIABILITY
The trial court determined that Express was liable under the terms of the purchase agreement for the assessed 2002 business personal property taxes which became payable in 2003. Express alleges that the trial court erred.
Tangible property is assessed for tax purposes on the first day of March one year, but taxes thereon do not have to be paid until the following year. Ind. Code §6-1.1-1-2. Tangible property includes real property and personal property. Ind. Code §6-1.1-1-19.
In the present case, the issue involves a determination of responsibility for tax indebtedness assessed in 2002 and payable in 2003. The relevant portions of the purchase agreement are as follows:
4.15 Taxes. All taxes, fees, assessments and charges, including without limitation, income, property, sales, use, franchise, added value, employees' income withholding and social security taxes, imposed by the United States or by any foreign country or by any state, municipality, subdivision or instrumentality of the United States or of any foreign country, or by any other taxing authority, which are due or payable by Seller, or for which Seller may be liable (including any for which Seller may be liable by reason of its being a member of an affiliated, consolidated or combined group with any other company at any time on or prior to the Closing Date), and all interest and penalties thereon (collectively, "Taxes" or "Tax"), whether disputed or not, have been paid in full if due. . . . .Seller agrees to pay all personal property due prior to Closing.
Appellant's App. p. 72.
5.10 Taxes. All taxes, fees, assessments and charges, including without limitation, income, property, sales, use, franchise, added value, employees' income withholding and social security taxes, imposed by the United States or by any foreign country or by any state, municipality, subdivision or instrumentality of the united State or of any foreign country, or by any other taxing authority, which are due or payable by Buyer, or for which Buyer may be liable (including any for which Buyer may be liable by reasons of its being a member of an affiliated, consolidated or combined group with any other company at any time on or prior to the Closing Date), and all interest and penalties thereon (collectively, "Taxes or "Tax"), whether disputed or not, have been paid in full if due. . . .Buyer agrees to pay all personal property due after Closing.
Appellant's App. p. 75-76.
Generally, construction of a written contract is a question of law for the trial court for which summary judgment is particularly appropriate. Noble Roman's, Inc. v. Pizza Boxes, Inc., 835 N.E.2d 1094, 1098 (Ind. Ct. App. 2005). However, if the terms of a written contract are ambiguous, it is the responsibility of the trier of fact to ascertain the facts necessary to construe the contract. Id. Consequently, whenever summary judgment is granted based upon the construction of a written contract, the trial court has either determined as a matter of law that the contract is not ambiguous or uncertain, or that the contract ambiguity, if one exists, can be resolved without the aid of a factual determination. Id.
The primary goal of contract interpretation is to give effect to the parties' intent. Beiger Heritage Corp., v. Montandon, 691 N.E.2d 1334, 1336 (Ind. Ct. App. 1998). When the terms of a contract are clear and unambiguous, they are conclusive and the court will not construe the contract or look to extrinsic evidence. Id. The court will apply the contractual provisions. Id. at 1336-37.
Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms. Id. at 1337. Ambiguity will be found in a contract only if reasonable people would find the contract subject to more than one construction. Id.
Express notes that the term "due" was not defined in the contract. Express argues that a debt becomes due when it "accrues." The argument continues that since the debt "accrued" prior to the closing date, then Cox II would be liable for the personal business property taxes. Express concludes that the trial court erred by finding otherwise.
Barring any qualifying expression, in common usage the word "due" means that "the debt or claim in question is now (presently or immediately) matured and enforceable." Id. (citing BLACK'S LAW DICTIONARY 499 (6th ed. 1990)). When qualified by the expression "payable" the word "due" means that the debt or claim is fixed and certain but the day appointed for its payment has not yet arrived. Id. In the context of a real or personal property tax, the term has long been used to refer to the "day appointed for its payment." Id.
Express seems to use the word "accrue" in place of "assess" regarding the business personal property taxes. Black's law dictionary defines "assess" as:
To ascertain; fix the value of. To fix the amount of the damages or the value of the thing to be ascertained. . .To tax. In connection with taxation of property, means to make a valuation and appraisal of property, usually in connection with listing of property liable to taxation, and implies the exercise of discretion on the part of officials charged with duty of assessing, including the listing or inventory of property involved, determination of extent of physical property, and placing of a value thereon. To adjust or fix the proportion of a tax which each person, of several liable to it, has to pay; . . .to calculate the rate and amount of taxes. BLACK'S LAW DICTIONARY 106 (5th ed. 1979).
Express may want to interpret those tax provisions of the purchase agreement to mean "assessed." But reasonable people would find that there is only one construction of the term "due," especially in reference to taxes, which is matured and enforceable.
The contract provides that the buyer has paid all taxes and assessments in full if due, and that the buyer will pay all personal property taxes due after the closing. The contract provides that the seller has paid all taxes and assessments in full if due, and that the seller will pay all personal property taxes due prior to the closing date. Even though the business personal property taxes at issue had been assessed, they were not yet due. The purchase agreement was not ambiguous on this point and the trial court did not err.
Any person possessing personal property on the assessment date of a year is liable for the taxes imposed on the personal property for that year. Ind. Code §6-1.1-2-4(a). However, when a person other than the owner pays any property taxes, that person may recover the amount paid from the owner, unless the parties have agreed to other terms in the contract. Id. Although Cox II was in possession of the personal property on the date of the tax assessment, the burden of paying the taxes shifted to Express by virtue of the terms of the contract. This is allowed by statute.
Express' argument that the personal property taxes should have been listed in the Liabilities Undertaking is not helpful here. Responsibility for payment of taxes is not contained in that section of the contract. Likewise, Express' argument that the indemnity provision of the contract provides relief also fails. That provision insures Express for any taxes Cox II was obligated to pay. Cox II paid the taxes it was required to pay under the purchase agreement terms.
The trial court correctly determined that the business personal property tax was not due when it was assessed, which was prior to the closing, but was due in 2003 after the closing. Therefore, the trial court properly determined that Express was liable for the business personal property taxes at issue.

RECORDS AVAILABILITY
Express argues that the trial court erred by finding in favor of Cox II on the issue of records availability. Express argues that Cox II failed to establish that a demand for records was made.
Section 5.3 of the purchase agreement provides as follows:
The Buyer shall maintain records of all receipts and receivables and shall make them available for inspection to Seller and its representatives and to supply all information concerning its business property and affairs as Seller may reasonably demand any time during normal business hours at the offices of the Buyer from the Closing Date until a date ninety (90) days following the final payment of the Purchase Price or any other payments due to Seller. In any event, Buyer shall provide Seller with copies with[sic] current financial statements no less often than every twelve (12) months; or every three (3) months if the Buyer defaults, until final payment of the Purchase Price or any other payments due to Seller.
Appellant's App. P. 74 (emphasis supplied). Cox II alleged that Express violated this section of the purchase agreement. The trial court agreed.
Express argues that the terms of the purchase agreement are ambiguous, or, if not ambiguous, that a question of fact exists about whether records were demanded and/or made available.
The trial court had before it, in Cox II's designated evidence, the affidavit of George W. Cox in which he stated that Express had failed to provide current financial statements as required by the purchase agreement. By the unambiguous terms of the purchase agreement, no demand was necessary for the financial statements. The demand provision had to do with receipts, receivables, business property and affairs. There was no designated evidence before the trial court that Express had provided the financial statements to Cox II as it was required to do under the purchase agreement. The trial court did not err.

ATTORNEY FEES
Last, Express challenges the trial court's award of attorney fees to Cox II. Express argues that the award was improper because Cox II should not have prevailed below on its motion for summary judgment.
However, since we have determined that the trial court correctly ruled in favor of Cox II on the motion for summary judgment, by the terms of the purchase agreement, Cox II is entitled to attorney fees in enforcement. Therefore, the award of attorney fees stands.

APPELLATE ATTORNEY FEES
Cox II has prevailed in this appeal regarding enforcement of a tax payment provision of the purchase agreement. Cox II requests that this court remand this matter to the trial court for the limited purpose of determining a reasonable appellate attorney fee.
We have held that appellate attorneys' fees may be appropriately awarded if a contractual provision calls for them and the party requesting the fees prevails. See Kruse v. National Bank of Indianapolis, 815 N.E.2d 137, 151 (Ind. Ct. App. 2004). Since both conditions have been met, we remand to the trial court for the purpose of holding a hearing to determine a reasonable appellate attorney fee to award to counsel for Cox II.

CONCLUSION
The purchase agreement unambiguously provides that the Express was liable for the business personal property taxes assessed in 2002, but due in 2003. The trial court correctly ruled that Express failed to provide financial statements to Cox II as required by the purchase agreement. Last, the award of attorney fees was correct. Because Cox II prevailed and is entitled to appellate attorney fees by the terms of the purchase agreement, we remand to the trial court for the limited purpose of holding a hearing to determine reasonable appellate attorney's fees.
Affirmed and remanded for determination of appellate fees.
BAILEY, J., and CRONE, J., concur.