# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**DUSTIN D. STOHLER**
**MARIETTO MASSILLAMANY**
DECA Financial Services, LLC
Fishers, Indiana



FILED

Jun 20 2014, 10:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DECA FINANCIAL SERVICES, LLC, )
)
    Appellant-Plaintiff, )
)
        vs. )      No. 02A04-1311-SC-595
)
TINA GRAY, )
)
    Appellee-Defendant. )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Jennifer L. DeGroote, Magistrate
Cause No. 02D01-1307-SC-13917

**June 20, 2014**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Plaintiff DECA Financial Services, LLC ("DECA") appeals the trial court's denial of attorney's fees as part of its small claims judgment against Appellee-Defendant Tina Gray. DECA is the assignee of debt owed by Gray to Emergency Medicine of Indiana, PC ("Emergency Medicine") for medical services rendered while Gray was a patient at Dupont Hospital ("Dupont"). Gray incurred a separate debt to Dupont during her hospital stay. Gray also entered into an agreement with Dupont that obligated her to pay attorney's fees incurred by Dupont in collecting its debt. DECA argues that Emergency Medicine is a third party beneficiary of this agreement and, therefore, claims DECA is entitled to attorney's fees pursuant to the agreement's terms. We conclude that the attorney's fees provision of the agreement applies only to Dupont and affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

On March 10, 2010, Gray received medical services from physicians employed by Emergency Medicine while she was a patient at Dupont. During her hospital stay, Gray and Dupont entered into an agreement ("the Agreement") that included the following provisions:

> **ASSIGNMENT OF INSURANCE BENEFITS/PROMISE TO PAY:**
> I hereby assign and authorize payment directly to the Facility, and to any facility-based physician, all insurance benefits, sick benefits, injury benefits due because of liability of a third-party, or proceeds of all claims resulting from the liability of a third party, payable by any party, organization, et cetera, to or for the patient unless the account for this Facility, outpatient visit or series of outpatient visits is paid in full upon discharge or upon completion of the outpatient series. If eligible for Medicare, I request Medicare services and benefits. I further agree that this assignment will not be withdrawn or

2

voided at any time until the account is paid in full. I understand that I am responsible for any charges not covered by my insurance company [("Paragraph 1")].

I understand that I am obligated to pay the account of the Facility in accordance with the regular rates and terms of the Facility. If I fail to make payment when due and the account becomes delinquent or is turned over to a collection agency or an attorney for collection, I agree to pay all collection agency fees, court costs and attorney's fees. I also agree that any patient or guarantor overpayments on the above Facility visit may be applied directly to any delinquent account for which I or my guarantor is legally responsible at the time of the collection of the overpayment. I consent for the Facility to appeal on my behalf any denial for reimbursement, coverage, or payment for services or care provided to me [("Paragraph 2")].

Appellant's App. p. 13.

Dupont and Emergency Medicine each billed Gray for the respective services they rendered to Gray during her hospital stay. A balance of $300.07 went unpaid to Emergency Medicine, and, on June 25, 2013, Emergency Medicine assigned its interest in Gray's debt to DECA for collection. On July 9, 2013, DECA filed a notice of claim against Gray, in which it sought recovery of the $300.07 balance as well as $94.00 in court costs and $150.00 in attorney's fees. A small claims trial was held on October 28, 2013, and, on October 31, 2013, the trial court entered judgment against Gray for $300.07 in unpaid medical bills and $94.00 in court costs. The trial court, however, denied DECA's request for $150.00 in attorney's fees, finding that the Agreement "does not give [Emergency Medicine], a separate entity from Dupont Hospital, the ability to recover attorney fees." Appellant's App. p. 5.

## DISCUSSION AND DECISION

DECA argues that Emergency Medicine is entitled to attorney's fees pursuant to the terms of the Agreement. Interpretation of a contract presents a question of law that we

3

review *de novo. Stewart v. TT Commercial One, LLC*, 911 N.E.2d 51, 55 (Ind. Ct. App. 2009). Our goal is to ascertain and effectuate the intent of the parties, and clear, plain, and unambiguous terms are conclusive of that intent. *Fetz v. Phillips*, 591 N.E.2d 644, 647 (Ind. Ct. App. 1992). Thus, we will not construe clear and unambiguous provisions, nor will we add provisions not agreed upon by the parties. *Id.*

We note that Gray did not file an appellee's brief in this matter. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for her, and we apply a less stringent standard of review with respect to showings of reversible error. *Zoller v. Zoller*, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). That is, we may reverse if the DECA establishes *prima facie* error, which is an error at first sight, on first appearance, or on the face of it. *Id.*

As an initial matter, we conclude that the Agreement does not explicitly authorize Emergency Medicine to recover attorney's fees. The attorney's fees provision is contained in Paragraph 2 and states, "I understand that I am obligated to pay *the account of the Facility*…. If I fail to make a payment when due and *the account* becomes delinquent … I agree to pay all collection agency fees, court costs and attorney's fees." Appellant's App. p. 13 (emphasis added). DECA does not dispute that Dupont is "the Facility" provided for in the Agreement, and the record reveals that Dupont and Emergency Medicine maintained separate accounts. The plain language of Paragraph 2, therefore, only authorizes Dupont's recovery of attorney's fees.

DECA claims Emergency Medicine is entitled to recover attorney's fees as a third party beneficiary of the Agreement. For a contract to be enforceable by a third party,

4

it must clearly appear that it was the purpose or a purpose of the contract to impose an obligation on one of the contracting parties in favor of the third party. It is not enough that performance of the contract would be of benefit to the third party. It must appear that it was the intention of one of the parties to require performance of some part of it in favor of such third party and for his benefit, and that the other party to the agreement intended to assume the obligation thus imposed. The intent of the contracting parties to bestow rights upon a third party must affirmatively appear from the language of the instrument when properly interpreted and construed.

*Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006).

DECA asserts that Emergency Medicine's employees are "facility-based physicians" and that Gray and Dupont's intent to make Emergency Medicine a third party beneficiary of the attorney's fees provision is evidenced by the inclusion of "facility-based physicians" in Paragraph 1. Specifically, DECA contends that, because "Gray agrees to authorize payment 'directly to … any facility-based physicians'" in Paragraph 1, Emergency Medicine is inherently authorized to recover attorney's fees for non-payment under Paragraph 2. Appellant's Br. p. 7. We disagree. DECA's contention overlooks the context of Paragraph 1, which states: "I hereby assign and authorize payment directly to the Facility, and to any facility-based physician, *all insurance benefits…*." Appellant's App. p. 13 (emphasis added). Thus, even if we were to conclude that Emergency Medicine is a third party beneficiary under Paragraph 1, its third party benefits would be limited to the provisions of that paragraph. Nothing in the language of Paragraph 1 indicates an intent to make Emergency Medicine a third party beneficiary under Paragraph 2. Therefore, we conclude that the Agreement does not entitle Emergency Medicine to attorney's fees.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.

5